THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* FRED JONES, Petitioner-Appellant.

(No. 56802; ▮▮▮▮▮▮▮▮)

First District—April 26, 1972.

Peter L. Quinn, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Stephen R. Kramer, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This appeal was transferred by the Supreme Court to this court and is from a dismissal of a post-conviction petition in the Circuit Court of Cook County. The petitioner, Fred Jones, was charged with unlawful possession of a narcotic drug. In a jury trial he was found guilty and sentenced to a term of not less than ten nor more than fifteen years. He then appealed to this court where the judgment was affirmed. *People v. Jones,* 76 Ill.App.2d 186.

On January 5, 1967, the petitioner filed a *pro se* post-conviction petition and on May 5, 1967, the court granted the State's motion to strike the petition and dismiss the proceedings. The dismissal was appealed to the Supreme Court of Illinois, and on November 20, 1968, upon motion and stipulation, the court ordered the cause remanded for further post-conviction proceedings and appointment of counsel other than the public defender.

On February 17, 1970, the petitioner, through his appointed attorney, filed an amended petition alleging the trial record failed to show whether the petitioner was present in court at the time the verdict was rendered

and sentence imposed, and that the police failed to announce their station and purpose before forcing entry at the time of the arrest.

The first contention of the petitioner is contradicted by the record itself which shows the petitioner was present during the rendition of verdict and sentencing:

"THE COURT: Ten to fifteen years in the Illinois State Penitentiary. Now, Mr. Jones, if you want to appeal I suppose you will exercise that right. Do you want to appeal from the finding and judgment of the Court?

THE DEFENDANT: Yes."

In regard to the second contention the record shows the policemen announced their station but did not get the opportunity to disclose their purpose.

"Q. Did you attempt to gain entry?

A. Yes, sir, we did.

Q. In what manner was this done?

A. Officer Craig knocked on the door and the door was opened by a man, by Fred Jones.

Q. What, if anything, was said at this time?

A. The door was opened about one and a half, two inches, with a burglar chain on the door. We announced our office, showed our stars. At this time the door was slammed and the defendant Fred Jones yelled, "Police." At this time we forced entry into the apartment. The door swung open and we entered the apartment."

The claim by the petitioner that police officers must announce their purpose as well as their authority is without merit. The Illinois statute relating to the force in the execution of an arrest states: "All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to make an authorized arrest." Ill. Rev. Stat., ch. 38, par. 107—5(d).

In *People v. Hartfield* (1968), 94 Ill.App.2d 421, a case similar to the one at bar, the court said:

"Thus the fact that no purpose is announced prior to a forceful entry is not *per se* a violation of constitutional rights. * * * There is no statutory requirement that the officer first state his authority and purpose. Therefore, in Illinois, the determination of whether a forceful entry may be executed without stating the authority and purpose rests upon constitutional grounds. The statute does not preclude such entry; therefore, the entry is valid if it does not violate constitutional rights. The factual situation in the instant case is similar to that found in the *Ker* case [*Ker v. California*, 374 U.S. 23.] There was justification for the officers' failure to state their purpose because of their belief

that the defendant was in possession of marijuana which could be quickly and easily destroyed. As in the *Ker* case, the officers' method of entry under the particular circumstances was not unreasonable under the standards of the Fourth Amendment to the United States Constitution."

In the present case the officers were making a valid arrest based upon probable cause and made a forcible entry when it appeared from the defendant's action of slamming the door he would destroy the narcotics which they reasonably believed to be in the apartment.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.