THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY JACKSON, Defendant-Appellant.

Fourth District   No. 12739

Opinion filed April 8, 1976.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was found guilty of unlawful possession of cannabis in excess of 500 grams in a jury trial and was sentenced to serve a term of 2 to 6 years in the penitentiary. Defendant appeals.

On Tuesday, April 17, 1973, a search warrant was issued for the search of defendant Larry Jackson and Apartment 5, Southland Court, in Warrensburg, Illinois. The complaint supporting the search warrant was signed "Sam Smith," a fictitious name. The warrant was executed on the date of issuance by officers of the Illinois State Police, the Macon County sheriff's office, and the Macon County State's Attorney's office. The police officers arrived at the apartment at about 9:15 or 9:30 a.m. The officers were not in uniform and their vehicles were not marked. Deputy Sheriff Montgomery, who was wearing a short wig and was dressed in "fairly mod" clothes, rang the doorbell, knocked on the door, and called, "Hey, Larry." There was no response. The officers thought they could see movement behind the curtains covering a window located near the door. Montgomery knocked two or three more times, and then State Police Detective Shields kicked the door open. The officers did not identify themselves before entering. Upon entering, the officers found the defendant squeezed behind the door. The officers searched the defendant, then read him the search warrant and began to search the apartment. Detective

Shields and Deputy Sheriff Cheviron searched the bedroom and found a blue duffle bag near the closet. The duffle bag contained several large plastic bags filled with marijuana. A suitcase was found near the duffle bag. The suitcase contained some clothing, a small plastic bag of marijuana, and a letter addressed to defendant.

The telephone rang several times while the officers were in the apartment. Investigator Sheehy testified that a person named "Stan" or "Steve" called and asked for defendant. Sheehy told him that defendant was busy in the bedroom, and to come on over. Later, the same person called again and while Sheehy was talking to him, the defendant yelled, "I am here. Hang up the God damn phone." A third call came from a female voice identifying herself as "Beth." She also asked for defendant, and defendant again shouted a warning to hang up. Four men entered the apartment while police officers were there. They were also searched. One of the men later testified for the prosecution that he and Mike Kershner went to the apartment so that Kershner, who was leaving for Phoenix, could say goodbye to defendant.

Lyle Jones testified that he owned the building in which the apartment is located. On the date of the search, the apartment was leased to Carl Bernard. Jones did not know if anyone was staying with Bernard on the date of the search. Bradley Hall testified that he thought that at the time of the search defendant was living on the other side of town. Carl Bernard was called as a witness by the defendant, but refused on fifth amendment grounds to answer any questions other than his name and age. The court did not allow defendant to introduce evidence that on the day of the search Carl Bernard was arrested and a quantity of marijuana was found in the trunk of his car.

William Winters testified that he saw defendant carrying a duffle bag the Sunday afternoon before the search. The duffle bag seemed similar to the one found in the apartment but Williams could not remember the exact color. Jack Lyle Ward, Jr., a defense witness, testified that he played in a softball league with defendant, and had seen defendant carry a duffle bag to ball practice similar to the one found in the apartment, but lighter in color.

■■ Defendant first contends that his fourth amendment rights were violated by use of a search warrant based upon an affidavit signed with a fictitious name. The law in Illinois is that an affidavit signed with a fictitious name does not constitute a violation of constitutional rights. (*People v. Stansberry*, 47 Ill. 2d 541, 544-45, 268 N.E.2d 431, 433, *cert. denied*, 404 U.S. 873, 30 L. Ed. 2d 116, 92 S. Ct. 121.) We note, moreover, that the affiant appeared before the judge issuing the warrant. This circumstance provides further protection against the possibility of a fabricated affidavit. As stated in *People v. Richard*, 34 Ill. App. 3d 621, 339 N.E.2d 400:

"This additional circumstance assures that the probable cause was determined by the neutral judge and not by the officer engaged in ferreting out crime." 34 Ill. App. 3d 621, 625, 339 N.E.2d 400, 402.

■■ Defendant contends that the fruits of the search should have been suppressed because the police officers did not announce their authority and purpose before entering the apartment by force. Defendant concedes that, although illegal execution of the search warrant was asserted in his motion to suppress, no evidence or argument in support of the issue was presented at the hearing on the motion. That failure by itself would preclude consideration of the issue on appeal. *People v. Curry*, 56 Ill. 2d 162, 170, 306 N.E.2d 292, 296.

■■ Aside from that failure, however, our consideration of the record leads us to conclude that defendant's contention should not be sustained. Forced entries to execute search warrants made without a prior announcement of authority and purpose are prohibited unless exigent circumstances exist at the time of the entry. (*Richard; see Ker v. State of California*, 374 U.S. 23, 10 L. Ed. 2d 726, 83 S. Ct. 1623; *People v. Jones*, 5 Ill. App. 3d 677, 284 N.E.2d 44; *People v. Hartfield*, 94 Ill. App. 2d 421, 237 N.E.2d 193; compare *People v. Stephens*, 18 Ill. App. 3d 817, 310 N.E. 2d 755; see also Ill. Rev. Stat. 1973, ch. 38, par. 108—8.) In the case under consideration, the search warrant provided a reasonable basis for the officers' belief that the defendant possessed marijuana, which could be easily destroyed. The officers knocked several times and called out to defendant. When defendant did not respond and the officers saw movement behind a window curtain, the officers kicked open the door. We must conclude that exigent circumstances existed for the unannounced entry.

Defendant contends that it was error for the trial court to deny his motions for disclosure of the identity of the informant whose affidavit led to the search of the apartment and seizure of the evidence used against defendant. The affidavit states that the affiant had purchased drugs from defendant in the preceding seven days, that defendant was temporarily residing at the apartment, that there was cannabis in the apartment, and that defendant had told affiant that he would receive a shipment of cannabis and drugs on April 16, the day before the search was conducted.

■■ In *Roviaro v. United States*, 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623, the Supreme Court established a balancing test to resolve the issue of disclosure of police informants:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of

each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." (353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623.)

In *Roviaro*, the court held that it was error to refuse disclosure because the defendant was charged with selling heroin to the informant, and the informant was the only material witness to the transaction other than police officers and the defendant. In *People v. Lewis*, 57 Ill. 2d 232, 311 N.E.2d 685, the *Roviaro* balancing test was applied to the facts of three consolidated cases. Each case involved the sale of narcotics, and in each instance only three persons were present at the alleged sales—the purchaser, the defendant, and the informant. Thus, the informants were in the dual role of informer-participant in the sale of narcotics. The court concluded that under those circumstances the State was required to disclose the identity of the informant.

■■ The situation in the instant case, however, is clearly distinguishable. Here, the informant's information was used only to support the issuance of the search warrant. The charge against defendant did not involve any transaction to which the informant was a witness. Thus, the informant was not in a position to corroborate either the State or defendant regarding the charge of possession, as were the informants in *Roviaro* and *Lewis*, and nondisclosure did not hamper defendant in the preparation of his defense. (See *People v. Monroe*, 32 Ill. App. 3d 482, 335 N.E.2d 783.) Under these circumstances, the trial court did not commit error in its denial of defendant's motion for disclosure.

■■ Defendant next contends that the trial court erred in refusing to allow defendant to present evidence that Carl Bernard, the lessee of the apartment, was arrested on the day of the search for possession of marijuana after a quantity of marijuana was found in his automobile. One accused of a crime may prove any fact or circumstance which tends to show that the crime was committed by another person. (*People v. Nitti*, 312 Ill. 73, 90, 143 N.E. 448, 454; *People v. Dukett*, 56 Ill. 2d 432, 450, 308 N.E.2d 590, 600 *cert. denied* 419 U.S. 965, 42 L. Ed. 2d 180, 95 S. Ct. 226.) The evidence of Carl Bernard's arrest, however, does not suggest that Bernard, not defendant, possessed the marijuana in the apartment. Any connection between the two offenses is a matter of speculation. Moreover, defendant was allowed to present evidence that Bernard was the sole lessee of the apartment. The trial court did not err in refusing defendant's proffered evidence.

Last, defendant contends that it was error for the trial court to refuse to give the second paragraph of IPI Criminal No. 3.02. IPI Criminal No. 3.02 provides:

"Circumstantial evidence is the proof of facts or circumstances

which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of [the] [a] defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

[You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence.]"

The Committee Comments to the instruction state that the second paragraph should be given only when the proof of guilt is entirely circumstantial.

This court has previouly noted the difficulty in distinguishing direct from circumstantial evidence in the context of reviewing IPI Criminal No. 3.02, and the reluctance of courts to rule that failure to give the second paragraph is reversible error. (*People v. Hammers*, 35 Ill. App. 3d 498, 341 N.E.2d 471 (4th Dist.); see *People v. Minish*, 19 Ill. App. 3d 603, 312 N.E.2d 49.) In *Minish*, the defendant and his companion Peters entered a gas station and asked for the location of the restroom. They then left. Peters returned, threatened the attendant with a weapon, and took money from the station. Defendant was seen waiting outside, and, when Peters came out, left with him. Defendant testified that he had not agreed with Peters to commit a robbery and there was no direct evidence to the contrary. Only circumstantial evidence inferred the defendant's involvement in the offense. The third district found no error in the trial court's refusal to give paragraph two of IPI Criminal No. 3.02, however, finding direct evidence of guilt in the eyewitness testimony placing defendant with Peters at the scene of the occurrence.

Likewise, in the case under consideration, although defendant's knowledge of the marijuana can only be inferred from the circumstances, direct eyewitness testimony places him alone in the room with the marijuana. We conclude that the refusal to give paragraph two of IPI Criminal No. 3.02 was not reversible error.

Judgment affirmed.

SIMKINS and GREEN, JJ., concur.