THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THEODORE JAMES, Defendant-Appellant.

Fourth District    No. 15163

Opinion filed March 29, 1979.

Richard J. Wilson and Don L. Johnson, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Marc D. Towler and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his convictions entered upon jury verdicts of two counts of armed robbery and one count of aggravated battery. Concurrent sentences of 8 years were imposed for each armed robbery and 4 years for the aggravated battery.

It is urged that the trial court abused its discretion and committed "substantial error" in excluding evidence which tended to show that "someone other than defendant could have committed the offenses charged," that the trial court abused its discretion in failing to give an instruction which is said to state defendant's theory of the case, and that the trial court abused its discretion in refusing to dismiss the charges as a sanction when the prosecution failed to produce a photograph of defendant's lineup for the reason that the photograph had been lost.

A prosecution witness, Stokes, employed as a used-car salesman,

testified that defendant entered the place of business at about 9:30 a.m. on April 8, 1978, displayed a gun and took $37 belonging to the witness, and two handguns which were in a desk drawer. During this transaction Stokes was struck on the head with a handgun. A witness, Marshall, entered the building during the course of the robbery and his money was taken. The latter witness was never able to identify defendant.

Stokes described the robber as wearing a woman's wig and a long brown coat. The individual stated to Stokes that he was a homosexual. Stokes testified that he never believed that the robber was a woman and that he observed him for a period of a minute or so.

Defendant was arrested on April 10 upon another charge and his similarity to the description given by Stokes was noted. Stokes thereafter identified the defendant in a lineup and made an in-court identification. Stokes testified to confidence and certainty in so identifying defendant.

A prosecution witness, Fonville, testified that she operated a boutique and that a man she identified as defendant brought a green attache case into the shop on the afternoon of April 8 and asked her to keep it. Subsequently, the police made a consent search of the boutique and obtained the attache case which was found to contain two handguns and a sawed-off shotgun. Johnson, the owner of the used car lot where Stokes worked, identified the handguns in evidence as those taken from his office at the time of the robbery.

Defendant testified to an alibi, a part of which included time spent with a man whose last name was unknown to him. A witness, Penland, testified to a portion of the time concerned in the alibi stating that she saw defendant at his home to ask for a loan of money. Her testimony did not precisely coincide with that of defendant in details and she had no independent recollection of the date.

The trial court granted a motion *in limine* made by the prosecution and the defendant made an offer of proof directed to the following facts: (1) Defendant was identified as the robber on April 10, 1978; (2) a robbery of a filling station occurred on May 2, 1978; (3) on May 10, 1978, two victims in the filling station robbery identified defendant as that robber at a lineup, and (4) on May 2, 1978, defendant was in custody in jail. Defendant argues that the latter identification is exculpatory in that it tended to show another person "could have committed" the first robbery. The theory argued is that the evidence was relevant and material to show that another person resembled defendant so that Stokes' identifications might be in error.

The issue here is the identification of defendant by the witness, Stokes, the circumstances under which said identification was made, together with such corroboration as is found in the identification by Fonville and by the discovery and identification of the handguns in the

attache case. The tendered testimony is essentially speculative (*People v. Dukett* (1974), 56 Ill. 2d 432, 308 N.E.2d 590, *cert. denied* (1974), 419 U.S. 965, 42 L. Ed. 2d 180, 95 S. Ct. 226). In *People v. King* (1978), 61 Ill. App. 3d 49, 52, 377 N.E.2d 856, 859, *appeal denied* 71 Ill. 2d 612, this court held that it was not error to exclude evidence that another person had been the subject of an investigation for that offense. It was stated:

> "[E]vidence connecting a third person with the commission of the crime may only be shown if and when the third person has been closely linked to the commission of the crime. Remote conduct of the third person not connected with the crime itself may not be shown."

(See also *People v. Jackson* (1976), 37 Ill. App. 3d 279, 345 N.E.2d 509). In *People v. Durr* (1978), 58 Ill. App. 3d 525, 532, 374 N.E.2d 873, it was held not to be error to exclude evidence that another individual had confessed to the crime.

Defendant urges that the evidence was admissible by reason of the authority of *People v. Watson* (1966), 36 Ill. 2d 228, 221 N.E.2d 645. There defendant was charged with forgery to one of a series of stolen traveler's checks. A second check of such series was signed in the presence of a witness at the time when defendant was in custody. The reviewing court held that it was reversible error to refuse to provide expert testimony upon the issue of whether the signatures affixed to the check were the same. If such was found to be a fact, the identity of the signatures would have established a complete defense.

■■ The testimony proffered here would introduce collateral issues which would be meaningless without a full hearing of evidence upon the opportunity to observe on the part of the victims of the second robbery and the circumstances of their respective identification. It would effectively require a trial within a trial which would not establish definitive evidence of defendant's innocence but, at most, would only introduce matters of speculation before the jury. *People v. Cole* (1975), 29 Ill. App. 3d 369, 329 N.E.2d 880.

■■ The trial court denied defendant's request to give the jury the following instruction:

> "If you find that a person other than the Defendant had exclusive possession of recently stolen property, and there was no reasonable explanation of her possession, you may infer that the person other than the Defendant obtained possession of the property by armed robbery."

Defendant urges that such instruction states defendant's theory of the case that defendant was "framed" by the witness Fonville, or some other persons. The instruction as given is not a correct statement of the law as it would permit an inference that defendant did not commit the robbery

charged if he did not have exclusive possession of recently stolen property.

Defendant argues that the trial court abused its discretion in refusing to dismiss the charge when a police officer failed to produce a photograph of defendant's lineup which had been requested and the testimony disclosed that such photograph could not be found. He argues that dismissal is a necessary sanction under Supreme Court Rule 415(g) (58 Ill. 2d R. 415(g)).

A discovery order of the trial court required the prosecution to produce documents and photographs intended to be used at trial as provided in Supreme Court Rule 412(a)(v) (58 Ill. 2d R. 412(a)(v)). There was no pretrial motion for discovery of the photograph as provided in Supreme Court Rule 412(h) (58 Ill. 2d R. 412(h)). The photograph was not introduced into evidence at trial by the prosecution.

It is not here contended that the photograph tended to negate the guilt of the defendant and for such reason was discoverable under Supreme Court Rule 412(c) (58 Ill. 2d R. 412(c)). In the motion before the trial court and in defendant's brief, it is alleged that the photograph was subpoenaed by defendant. A subpoena was not pointed out in the record, and we have not found one. In the record, the police officer who testified upon the subject denied the fact of a subpoena and such denial was not challenged. He did agree that he had been requested to bring it to court but could not find the photograph requested.

The motion to dismiss was filed after the prosecution had closed its case. While it is argued in the brief that the photograph was evidence favorable to the defendant, the essential argument before the trial court was that the evidence should have been preserved, that defendant believed that it would be available and that he should have some remedy.

There was no pretrial motion to suppress the lineup identification. It is not, and has not been, claimed that the lineup was conducted unfairly and it is not asserted that the evidence was suppressed by the prosecution in the context of *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194. We find no abuse of discretion in the denial of the motion to dismiss the charge as a sanction for the inability to comply with the request to produce the photograph.

The judgments are affirmed.

Affirmed.

GREEN and MILLS, JJ., concur.