THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NARCISCO CRUZ, Defendant-Appellant.

First District (2nd Division)   No. 81—2920

Opinion filed December 14, 1982.

Steven Clark and Allan R. Stasica, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Raymond Brogan, and Rhoda W. Davis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, Narcisco Cruz, charged with possession of cocaine and of marijuana with intent to deliver, was tried by the court and found guilty of the former charge but acquitted of the latter. He appeals the conviction for unlawful possession of a controlled substance.

The issues presented on appeal are whether: (1) the circuit court improperly denied Cruz' motion for a pretrial evidentiary hearing concerning the truthfulness of a police officer's affidavit submitted with his request for a warrant; and (2) he was not proved guilty beyond a reasonable doubt.

At trial Officer Thomas Bridges testified that on May 14, 1981, at about 2:30 p.m. he and three other policemen armed with a search warrant went to the rear of Cruz' third-floor apartment at 1626 N. Richmond in Chicago. When Bridges was two steps from the third-floor rear landing, Cruz ran out of his apartment, looked in Bridges' direction, and threw a paper bag into the yard below. Bridges then seized Cruz while one of his partners, Officer Contino, retrieved the bag. They searched Cruz' apartment and found a tinfoil packet containing a white or tan-colored substance in Cruz' freezer and a utility bill addressed to Cruz at 1626 N. Richmond. The bag Officer Contino recovered contained a number of clear plastic bags in which were crushed green plants. The parties stipulated that the foil packet contained 1.2 grams of cocaine and that the clear plastic bags contained 20 grams of marijuana. Bridges testified that he never lost sight of the paper bag Cruz threw into the yard and that Contino had no trouble finding it.

Miguel Izairy, who lived in the second floor apartment in Cruz' building, testified for the defense. He saw many other bags and other garbage strewn in the backyard. It took Bridges' partners 10 or 15 minutes to find the bag. Three or four other people lived in Cruz' apartment, but Izairy did not identify them.

No other evidence was adduced. The circuit court found Cruz guilty, as first noted, and sentenced him to 30 months' probation.

I

Cruz first contends that he was denied due process of law because his motion for an evidentiary hearing on the sufficiency of the search warrant issued against him was denied, relying primarily upon

*Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 and, in his reply brief, upon *People v. Garcia* (1982), 109 Ill. App. 3d 142, 440 N.E.2d 269.

In *Franks* defendant was convicted of burglary, kidnaping and rape. The United States Supreme Court there held that where a defendant makes a substantial preliminary showing that an affiant intentionally or knowingly made a false statement in the affidavit upon which the judge relied in issuing the warrant, and that statement was necessary to the finding of probable cause, the defendant is entitled to an evidentiary hearing on the matter, if he requests one. The Supreme Court went on to say, however, that affidavits supporting warrants are presumed to be valid and that to mandate an evidentiary hearing, defendant's attack must be more than conclusory and must be accompanied by an offer of proof supported by affidavit. The Supreme Court specifically stated that it was only the affiant's veracity—not that of his informant—that could be attacked by such a hearing. By requiring "a substantial preliminary showing" the court intended to prevent defendants from abusing such hearings for discovery purposes or to delay trial.

In *People v. Garcia,* defendant was found guilty of possession and possession with intent to deliver cocaine. A judge issued a search warrant for defendant's apartment, based on a policeman's affidavit. Defendant moved to suppress the cocaine recovered in his apartment on the ground that the officer had lied in every statement made in his affidavit. Defendant asserted by affidavit that he could not have sold cocaine that day, nor could the policemen have seen his car parked in front of his apartment because he was driving to Chicago from Miami at the time with his wife and children. The appellate court reversed and remanded the case for an evidentiary hearing on the issue of the truthfulness of the policeman's representations concluding that the defendant's affidavit constituted the kind of substantial preliminary showing *Franks* required.

■ Cruz argues that he was entitled to an evidentiary hearing as well because he denied, by affidavit, that he had sold marijuana on the day affiant, Officer Clifford Berti, stated that a reliable but undisclosed informant told him he bought marijuana from Cruz at his apartment. In his affidavit Cruz averred that he was unable to state whether the informant or Berti lied. Defense counsel, at the hearing on the motion, also suggested that Cruz himself could be lying. Cruz' lawyer stated that the informant upon whom Berti may have relied admitted to Cruz that he told police he bought some marijuana from Cruz two or three weeks before, but not on the day Berti claimed.

Counsel reasoned that if true, then Berti lied; but without definitely knowing the informant's identity, he could not be sure. Essentially, then, Cruz denies that he sold anyone drugs as charged. His affidavit was devoid of detail material to the charge as would have subjected him to the penalties of perjury (Ill. Rev. Stat. 1981, ch. 38, par. 32—2), which were the circumstances in *Garcia.* The Supreme Court in *Franks* appears to prescribe at least this much before it would require an evidentiary hearing on the matter. As the following authorities also demonstrate, the request for an evidentiary hearing is without support.

In addition to *Franks,* the State relies on *People v. Coleman* (1980), 91 Ill. App. 3d 646, 415 N.E.2d 553. In *Coleman,* defendant was charged with possession of controlled substances, which he denied. He also asserted that the policeman lied in the affidavit submitted to the judge with his request for a search warrant. Defendant's motion for an evidentiary hearing was denied. The appellate court affirmed, holding that defendant's general and unsupported denial of crucial facts in the policeman's affidavit did not constitute the substantial preliminary showing required in *Franks.* The same situation exists in the instant case.

In *People v. Anderson* (1979), 74 Ill. App. 3d 363, 392 N.E.2d 938, also cited by the State, defendant was convicted of possession of controlled substances. There, a policeman watched an informant enter and leave defendant's house by the back door while another policeman watched the front door and saw no one enter or leave by that door while the informant was in defendant's house. Before the informant entered the house, the policeman had searched him and found no drugs on his person. After he left the house, the informant gave them the cocaine which he had bought from the defendant. On the basis of the informant's and policemen's affidavits recounting the above facts, a search warrant issued and police recovered controlled substances from defendant's premises. Prior to trial defendant moved to quash the warrant and suppress the evidence claiming that the informant lied. Defendant also sought to interrogate the informant to determine whether the policemen had also lied. The circuit court denied defendant's motion and the appellate court affirmed holding, as we hold here, that defendant's general denial of the sale did not constitute a sufficient challenge to the veracity of the policemen's affidavits.

## II

■■ ■ Cruz next argues that he was not proved guilty beyond a reasonable doubt. As Cruz notes, the State must establish (1) that he

had knowledge of the presence of the cocaine in his apartment, and (2) that the cocaine was within his immediate and exclusive control, before he can be convicted for unlawful possession of a controlled substance. (*People v. Townsend* (1980), 90 Ill. App. 3d 1089, 1093, 414 N.E.2d 483.) He contends that the State failed to meet its burden of proof because it presented no direct evidence that Cruz knew of the substance's presence and because it also failed to establish that he handled, sold, or in any other way exercised control over the cocaine seized. In order to meet its burden, however, the State need not prove actual possession as Cruz suggests, but only constructive possession. *People v. Townsend.*

The leading case on this issue is *People v. Nettles* (1961), 23 Ill. 2d 306, 178 N.E.2d 361. In *Nettles*, the police found 30 small bags of drugs in a paper bag behind the front door of defendant's apartment. Even though three other people were in the apartment when the police searched it, the trial court apparently gave little credence to defendant's testimony that he did not know how the drugs got into his apartment. The supreme court noted that narcotics are rarely, if ever, found unaccountably in a person's home. It held that the State need only show that defendant controlled the premises in which the narcotics were found in order to establish unlawful possession, absent other facts or circumstances which might create reasonable doubt in the minds of the jury. (*People v. Nettles* (1961), 23 Ill. 2d 306, 308-09.) See also *People v. Brownstein* (1982), 105 Ill. App. 3d 459, 434 N.E.2d 505; *People v. Munoz* (1982), 103 Ill. App. 3d 1080, 432 N.E.2d 370; *People v. Ortiz* (1980), 91 Ill. App. 3d 466, 414 N.E.2d 1072; *People v. Townsend* (1980), 90 Ill. App. 3d 1089, 414 N.E.2d 483; and *People v. Hester* (1980), 87 Ill. App. 3d 50, 409 N.E.2d 106.

Cruz argues that because Izairy testified that three or four other people lived in Cruz' apartment, the State failed to show that the cocaine was in his exclusive possession. Cruz' position, however, is undercut by *People v. Embry* (1960), 20 Ill. 2d 331, 335-36, 169 N.E.2d 767, where the court held that "exclusive" possession does not mean "sole" possession. In *Embry*, defendant and five other people were present when the police searched defendant's apartment and found drugs there. In *People v. Ortiz*, the court affirmed defendant's conviction for possession of heroin. There, the police found the heroin in a cabinet in the basement of the three-flat which defendant owned and in which he also resided. Before searching his apartment and the basement below, the police had observed several men approach defendant, speak with him for a few moments, enter his apartment, and then leave a short while later. At trial, defendant's son and a

friend said that the cabinet in which the heroin was found was theirs—that defendant kept his things in another part of the basement. In light of this uncontradicted testimony, defendant argued on appeal that the State had failed to meet its burden of proof. The appellate court was not persuaded because: (1) defendant's argument assumed the truth of his witnesses' testimony, which the trial court was not bound to believe; and (2) even if believed, the court concluded it still could have found defendant guilty of possession because possession by one does not preclude a finding of possession by another. The court also noted that defendant will not defeat a charge of constructive possession by simply establishing that others have access to the place where the drugs were found, citing *People v. Mack* (1957), 12 Ill. 2d 151, 145 N.E.2d 609, where two other people were observed leaving defendant's apartment shortly before narcotics were found there.

Cruz cites *People v. Wolski* (1975), 27 Ill. App. 3d 526, 327 N.E.2d 308, as a case "almost identical" on its facts in which the court held that the State had failed to meet its burden of proof. In *Wolski* defendant established: (1) that he and his brother shared the apartment in which marijuana had been found; (2) that he had not been to the apartment for a period of three days beginning the day before the search; and (3) that there were always a lot of people going in and out of the apartment. These facts were sufficient to raise a reasonable doubt in the court's mind as to defendant's guilt and required that the State would have had to come forward with more evidence linking defendant to the contraband in order to prevail. See *People v. Hester* (1980), 87 Ill. App. 3d 50, 53-54, 409 N.E.2d 106, in which the court in considering *Wolski* came to the same conclusion.

■ In contrast, here Cruz was present and close when the cocaine was found. Further, just moments before, as the police were climbing the stairs to his apartment, he had run out onto the back porch landing of his apartment and thrown a bag that contained marijuana into the yard below. The only evidence that anyone else lived in the apartment was Izairy's testimony that three or four other people, whom he did not identify, lived there too. At a post-trial hearing, the trial judge indicated that he gave little credence to Izairy's testimony in this respect. As the court noted in *People v. Ortiz* (1980), 91 Ill. App. 3d 466, 471, 414 N.E.2d 1072, a trial court's findings should not be disturbed unless the evidence is so palpably contrary to the verdict, or so unreasonable, improbable or unsatisfactory as to raise a reasonable doubt concerning defendant's guilt. In the instant case, the court's assessment of Izairy's credibility and the weight to be ac-

corded his statement is supported by the evidence.

■ Cruz correctly cites *People v. Ireland* (1976), 38 Ill. App. 3d 616, 348 N.E.2d 277 for the proposition that mere knowledge of the presence of a controlled substance in one's home does not, in and of itself, establish a voluntary possession of the requisite control. That case is unusual and distinguishable. There defendant admitted that he knew that marijuana was in his house but because they were in difficult financial straits his wife, over his objection, was selling it and had threatened to leave him if he did not permit her to continue. The court concluded that he had reluctantly acquiesced in her activities and, in reversing his conviction, stressed that possession must be voluntary.

Cruz contends that the only piece of evidence tending to show knowledge and control on his part was an electric bill addressed to him that the police found in his apartment the day they searched it. This argument is misleading. His affidavit in support of his motion for an evidentiary hearing asserts that Cruz rented the apartment as the tenant. At trial it was revealed by Izairy that Cruz rented and resided in the apartment searched. Further, Cruz' lawyer admitted at the post-trial hearing: "I don't think there is any question that it was established that it was his [Cruz'] apartment and that there was cocaine present in what I would consider a common area of the apartment [refrigerator freezer]." The court inferred knowledge and control from the fact that Cruz rented the apartment and resided there—not from the existence of the utility bill found there. It could be argued that the bill was not hearsay evidence if it were simply offered as circumstantial evidence that Cruz was receiving mail at that address, from which it might be inferred that he resided there as well. (See *People v. Hester* (1980), 87 Ill. App. 3d 50, 409 N.E.2d 106.) As the court noted in *People v. Torres* (1974), 18 Ill. App. 3d 921, 310 N.E.2d 780, a murder case, reversal is not warranted where the matter to which the hearsay testimony relates was proved by other properly admitted evidence.

From the foregoing, we conclude that the motion for an evidentiary hearing was properly denied and the defendant was proved guilty beyond a reasonable doubt. Accordingly, we affirm.

Affirmed.

STAMOS, P.J., and PERLIN, J., concur.