THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROME FREEMAN, Defendant-Appellant.

First District (1st Division)   No. 1—90—2352

Opinion filed December 14, 1992.—Rehearing denied February 25, 1993.

Thomas Peters, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, David Stabrawa, and Carrie Weiner, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Defendant Jerome Freeman was charged with possession with the intent to deliver 54 grams of heroin. A jury found him guilty of the charge, and defendant was sentenced to 28 years' imprisonment. Defendant appeals his conviction. We affirm.

On March 26, 1989, at 12:30 a.m., Carolyn Freeman was stopped by Chicago police officers Fleming and Darling of the Gang South Unit for a minor traffic violation. The officers arrested Carolyn when they found heroin during a search of her vehicle. The officers called Carolyn by her first name prior to requesting any identification from her. The officers knew Carolyn's name because they were part of a surveillance team which had been watching her home located at 16906 South Glenn Oak Drive in Country Club Hills for several weeks. The officers stated that the routine traffic stop of Carolyn was a coincidence.

Approximately 4 hours and 20 minutes after Carolyn's arrest, a search warrant was executed at 16906 Glen Oaks Drive, Carolyn's home. Fleming and Darling explained that on March 25, they received a tip from an unidentified drug user, turned informant, that drugs were being used and sold on the premises. Specifically, the informant allegedly told the officers that cocaine was being sold at that location by a black male who said his name was Jerome. The informant claimed to have snorted cocaine at Carolyn's home on March 25. The informant further alleged that there were at least 10 grams of cocaine on the kitchen table.

On March 26, 1989, at 4:50 a.m., 14 police officers executed a search warrant which listed defendant as the person the police had

authority to search. When the officers approached the front door of the home, they announced their presence. Fleming reportedly saw defendant, wearing only an undergarment, running toward the back of the house. The officers forced entry into the home. Defendant then ran into a bedroom on the first floor. Officers Fleming, Darling, Richardson and Balice pursued defendant. They found defendant in the process of getting under a bed. The officers handcuffed defendant and took him to the living room, where the other officers had gathered the remaining people who were in the home.

Officers Fleming, Darling and Richardson searched the bedroom where they had apprehended defendant. The officers found heroin, marijuana and cash in a blue file cabinet located in the closet of the bedroom which was identified at trial as Carolyn's bedroom. According to the above officers, defendant's identification and his Hazel Crest home address were found stacked on top of the narcotics. Additionally, Fleming testified that the closet contained men's clothing and that defendant used the clothing in that closet to get dressed. Fleming, however, failed to inventory or photograph the clothing. Fleming also stated that he found personal letters addressed to defendant at the home, but again, failed to inventory or record the letters in his arrest report. Officer Fitzgibbons testified that no proof, such as utility bills or leases, was found which would have indicated that defendant resided at the home. Moreover, no keys to the house were found in defendant's belongings.

Several pretrial motions were made by both the State and defendant. Among the motions was defendant's motion for an evidentiary hearing to determine whether the search warrant should be quashed. The facts surrounding the search warrant follow. At approximately 1 a.m. on March 26, 1989, Fleming and Darling approached Fitzgibbons with a request for a search warrant. Fitzgibbons informed the watch commander of the request and the commander gave his consent. After receiving the above permission, the officers planned the execution of the search warrant. The plan called for the "manpower proceeding to the scene where [they were] going to meet, who was going to make entry, at what point, et cetera." Then, the officers drafted the warrant. The officers maintained that an informant told them that narcotics were being sold at the home and that the informant had snorted cocaine at the residence on March 25. The officers received approval of the warrant from a judge and an assistant State's Attorney.

Defendant argued that the officers fabricated the informant and his allegations after arresting defendant's sister four hours prior to

obtaining the warrant. Without an evidentiary hearing, the circuit court denied defendant's motion to quash.

The State then filed a motion *in limine* to ban evidence concerning Carolyn's arrest, arguing that such evidence would confuse the jury. Defendant argued against the motion, stating that his defense was that the narcotics were Carolyn's. Defendant's theory was supported by the facts that it was Carolyn's house, allegedly her bedroom, allegedly her file cabinet in which the narcotics were found, and that Carolyn was arrested only four hours prior to the search for possession of the same type of narcotic found in her home. Furthermore, defendant argued that Carolyn's arrest was admissible to attack the credibility of the officers arresting Carolyn who also were the same officers who arrested defendant. The circuit court agreed with the State's argument and granted its motion.

On appeal, defendant first contends that he made a substantial preliminary showing that a false statement was included by an affiant in the search warrant affidavit. The State disputes this argument and further argues that even if a substantial preliminary showing was made, defendant failed to give an offer of proof as required by the law.

In *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, the United States Supreme Court held that under certain circumstances a defendant may be entitled to a hearing to challenge the veracity of sworn statements made by the police to obtain search warrants. "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine." (*Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684.) A defendant must make a substantial preliminary showing that a false statement was knowingly or intentionally included in the affidavit or with reckless disregard for the truth, and if the allegedly false statement is necessary for a finding of probable cause, a hearing is required. *Franks*, 438 U.S. at 171, 57 L. Ed. 2d at 682, 98 S. Ct. at 2684; see also *People v. Lucente* (1987), 116 Ill. 2d 133, 506 N.E.2d 1269.

Relying on *People v. Verdone* (1985), 107 Ill. 2d 25, 479 N.E.2d 925, and *People v. Cruz* (1982), 111 Ill. App. 3d 95, 443 N.E.2d 769, the State argues that defendant failed to make a sufficient offer of proof. The State claims that the only offer of proof that defendant supplied to the circuit court was his affidavit that on March 25, 1989, he was with unnamed family members and at no time met with or sold narcotics to the unidentified informant. The State argues that defendant's request for a hearing fails because he never offered

alibi testimony to prove he was not at Carolyn's home when the informant alleges he was present or any evidence to prove where and with whom he was on March 25. In *Verdone*, the Illinois Supreme Court held that a defendant's offer of proof which was based solely upon his denial of the contents of the search warrant was insufficient to constitute a substantial showing. (*Verdone*, 107 Ill. 2d at 928, 479 N.E.2d at 928.) Similarly, in *Cruz*, the appellate court found that a general denial that the defendant was not in contact with the informant on the date and time in question is insufficient to establish a substantial showing. (*Cruz*, 111 Ill. App. 3d at 99, 443 N.E.2d at 772, citing *People v. Coleman* (1980), 91 Ill. App. 3d 646, 415 N.E.2d 553.) In the case at bar, defendant did not establish a substantial showing; thus, the circuit court properly denied his motion to quash without giving him a *Franks* hearing.

Second, defendant argues that his constitutional rights were violated because he was not allowed to offer evidence pertaining to the arrest of Carolyn Freeman for possession of heroin four hours prior to his arrest. The circuit court barred any testimony pertaining to Carolyn's arrest on the ground of irrelevancy. Defendant, however, was allowed to admit evidence that he was arrested in Carolyn's home and that the narcotics were found in a bedroom which was allegedly Carolyn's.

■ A trial court may reject evidence on the ground of irrelevancy if it has little probative value due to its remoteness, uncertainty or its possible unfair prejudicial nature. The admission of evidence is within the sound discretion of the trial court, and its ruling should not be reversed on appeal absent a clear showing of abuse of that discretion. *People v. Ward* (1984), 101 Ill. 2d 443, 463 N.E.2d 696.

■ A discussion of Illinois case law on this subject is necessary in determining whether the circuit court clearly abused its discretion. In *People v. Jackson* (1976), 37 Ill. App. 3d 279, 345 N.E.2d 509, police officers executed a search warrant for the defendant at a specific location and arrested the defendant for possession of marijuana. At trial, the defendant attempted to admit into evidence that the lessee of the apartment which was searched was arrested during an automobile stop for possession of marijuana the same day on which the defendant was arrested. The circuit court barred the above evidence. Upon review, the appellate court found that "[a]ny connection between the two offenses is a matter of speculation." (*Jackson*, 37 Ill. App. 3d at 284, 345 N.E.2d at 513.) The appellate court reasoned that since the defendant was allowed to present evidence that the lessee was the sole possessor of the apartment where the marijuana was

found, the circuit court did not err in barring evidence of the lessee's arrest. (*Jackson*, 37 Ill. App. 3d at 284.) *Jackson* is analogous to the instant case. Carolyn was also arrested prior to defendant, and defendant was arrested in her house for possession of the same narcotic for which she was arrested. The circuit court barred testimony regarding Carolyn's arrest, but allowed evidence that Carolyn was the sole owner of the residence in the warrant and that the narcotics were found in a bedroom which was allegedly hers.

*People v. Castro* (1989), 190 Ill. App. 3d 227, 546 N.E.2d 662, is also similar to the case at bar. In *Castro*, the defendant attempted to admit evidence that his stepson, who was living with him at the time of his arrest, was on probation for possession of cocaine, thereby creating the inference that the cocaine for which he was arrested belonged to his stepson. The court held that such evidence was too speculative and, therefore, irrelevant, especially considering the fact that the stepson never admitted that the cocaine belonged to him. (*Castro*, 190 Ill. App. 3d at 239, 546 N.E.2d at 669.) Likewise, Carolyn never admitted that the narcotics found in her home belonged to her. In fact, Carolyn denied knowing that the narcotics found during a routine traffic search were in the car she was driving, and further stated that the car did not belong to her.

Defendant, however, relies on a series of cases which deal with the admissibility of prior acts by *defendant*. (*People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200; *People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238; *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489; *People v. Anderson* (1982), 108 Ill. App. 3d 563, 439 N.E.2d 65.) These cases do not deal with the issue presented in this appeal, the admissibility of prior acts of a third party.

Defendant offered further support of his position by arguing that his offer of proof of Carolyn's guilt is sufficient to allow evidence of her arrest admitted at trial. Defendant, in fact, did not offer proof of Carolyn's guilt. Defendant only offered the fact that Carolyn was arrested and an assumption that she was tried and convicted of possession of a controlled substance. There was no evidence offered of Carolyn's guilt; thus, the proffered evidence was unreliable, unlike in *Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038. In *Chambers*, there was proof of the third party's guilt, namely, the confession of the third party. In that circumstance, the evidence of guilt is reliable.

A review of the case law on this issue indicates that the circuit court did not abuse its discretion in barring evidence pertaining to

Carolyn's arrest. Accordingly, defendant was not denied his constitutional rights.

■ Third, defendant contends that his constitutional rights were violated when the State was allowed to admit into evidence that defendant's name appeared on the search warrant. The circuit court allowed the State to elicit testimony that defendant's name appeared on the search warrant for the limited purpose of establishing that the police had legal authority to conduct the search. After the officer testified that defendant's name appeared on the warrant, the circuit court stated:

> "[T]he information provided by the officer in answer to the last two questions as to the address and as to the named individual to be searched shall be allowed to be testified solely for the purpose of establishing that the police had a judicial authorization to conduct a search at those premises.
>
> It is no evidence of guilt of this defendant of any offense charged in this case. You are to consider it only to establish the point that the police did have judicial process to conduct a search of the premises."

The jury is presumed to follow instructions given to it by the court and to disregard testimony not admitted into evidence. (*People v. Fields* (1990), 135 Ill. 2d 18, 552 N.E.2d 791.) We find that any perceived error which may have resulted from the State eliciting testimony that defendant's name appeared on the search warrant was cured by the circuit court's instruction.

Defendant further argues that the above testimony regarding the warrant was hearsay and that he has the right to challenge the police conduct as fabrication. Defendant had the opportunity to make an offer of proof that the police's conduct was fabrication when he requested a *Franks* hearing. We have already found that defendant failed to make an adequate offer of proof. If defendant had made a substantial showing that a false statement was included in the affidavit for the warrant, he would have had the opportunity to question the officers concerning Carolyn's arrest.

Fourth, defendant argues that he was denied a fair trial because the circuit court refused to give the jury an instruction stating that mere presence where narcotics are found is not enough to convict. The State responds that where defendant repeatedly elicited testimony and argued that the home where the narcotics were found belonged to someone else, that the narcotics were found in a bedroom which was allegedly someone's other than defendant's, in a file cabinet allegedly belonging to someone else, and that defendant was not

the only person in the home at the time the warrant was executed, it was unnecessary to give a non-Illinois Pattern Jury Instruction (IPI) to illustrate the significance of mere presence.

■ Supreme Court Rule 451(a) provides that an applicable IPI instruction should be given. (134 Ill. 2d R. 451(a).) Supreme Court Rule 451(a) further provides that an impartial non-IPI instruction may be given if the IPI instruction does not accurately state the law or does not cover a subject in which the jury should be instructed. (134 Ill. 2d R. 451(a).) It is within the discretion of the circuit court whether or not to give a non-IPI instruction. *People v. Wade* (1989), 185 Ill. App. 3d 898, 542 N.E.2d 58.

■ In the instant case, the jury was instructed that the State had the burden of proving that defendant had actual or constructive possession of the narcotics. The following instruction was given:

"Possession may be actual or constructive. A person has actual possession when he has immediate and exclusive control over a thing. A person has constructive possession when he lacks actual possession of a thing but he has both the power and the intention to exercise control over a thing.

If two or more persons share the immediate and exclusive control or share the intention and the power to exercise control over a thing, then each person has possession." Illinois Pattern Jury Instructions, Criminal, No. 4.16 (2d ed. 1981).

Defendant tendered an instruction that read "mere presence at the scene of the crime, in and of itself, is insufficient to establish the guilt of defendant." The circuit court rejected the non-IPI instruction, stating that it believed that the "instructions adequately indicate to the jury that mere presence is not enough." The instruction would not "help the jury at all in deciding the case." The circuit court additionally commented that included in the elements of the offense of possession is the fact that defendant "knowingly possessed with an intent to deliver a substance"; thus, more than mere presence must be proved.

When the defendant persisted in arguing that the "mere presence" non-IPI instruction should be given, the circuit court stated:

"There is no way that the jury, if they read and followed the instructions, could assume a person merely being present or having knowledge of a crime would be guilty of that crime when the law requires that the person either has actual possession, which was not the case here, or had constructive possession, which requires an intent to exert control over the item involved."

We find that the circuit court did not abuse its discretion by refusing to instruct the jury with defendant's proffered non-IPI "mere presence" instruction.

Finally, defendant argues that the State failed to prove beyond a reasonable doubt that defendant possessed, with intent to deliver, the heroin found during the execution of the search warrant. A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) The relevant question on review of a challenged conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Collins*, 106 Ill. 2d 237, 478 N.E.2d 267, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781; *People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 453.) A reviewing court may not substitute its judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses. *People v. Manion* (1977), 67 Ill. 2d 564, 367 N.E.2d 1313.

To prove defendant guilty of possession of a controlled substance, the State must prove that he knew of the presence of the substance and that the substance was in the immediate and exclusive control of defendant. (*People v. Marshall* (1988), 165 Ill. App. 3d 968, 521 N.E.2d 538.) Possession and knowledge of a controlled substance are questions of fact to be resolved by the jury. *People v. Knight* (1985), 133 Ill. App. 3d 248, 478 N.E.2d 1082.

■ Reviewing the evidence in the light most favorable to the State, we find that defendant was proven guilty beyond a reasonable doubt. There was testimony that the heroin was found in the room to where defendant fled when the police initiated execution of the warrant. Additionally, a police officer testified that defendant's personal property was found with the narcotics in the file cabinet. Furthermore, the officer testified that the closet where the file cabinet was contained men's clothing. Moreover, defendant dressed himself using some of the clothing in that closet. There is sufficient evidence to sustain the jury's guilty verdict.

For the foregoing reasons, the conviction of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and MANNING, JJ., concur.