THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK
PEARSON, Defendant-Appellant.

First District (3rd Division)    No. 1—91—1862

Opinion filed March 31, 1995.

Rita A. Fry, Public Defender, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Margaret
J. Faustmann, and Christine Cook, Assistant State's Attorneys, of counsel),
for the People.

JUSTICE TULLY delivered the opinion of the court:

Following a jury trial, defendant, Mark Pearson, was convicted of
possession of a controlled substance with intent to deliver (Ill. Rev.
Stat. 1989, ch. 56$^1$/$_2$, par. 1401 (now 720 ILCS 570/401 (West 1992)))
and two counts of unlawful use of a weapon (Ill. Rev. Stat. 1989, ch.
38, par. 24—1 (now 720 ILCS 5/24—1 (West 1992))). Defendant was

sentenced to 18 years' imprisonment and now appeals from the judgment of conviction pursuant to Supreme Court Rule 603. 134 Ill. 2d R. 603.

For the reasons which follow, we reverse and remand.

On September 14, 1989, a detective from the special narcotics unit, organized crime division, of the Chicago police department executed a complaint for a search warrant of the residence located at 1806 N. 36th Avenue in Stone Park, Illinois. The detective submitted his sworn affidavit in support of this complaint. The affidavit stated that a reliable and confidential informant told him that on September 11, 1989, the informant had gone to 1806 N. 36th Avenue in Stone Park, Illinois, and purchased cocaine from an individual whom he knew as Mark Pearson.

The affidavit further stated: "[I] had the opportunity to have a conversation with a reliable and confidential police informant who [*sic*] have known in excess of six months. The topic of this conversation was the illegal sale and possession of Cocaine. During the past six months, this same informant has supplied me with accurate and reliable drug related information on three previous and separate occasions. Each of these previous occasions has resulted in me affecting [*sic*] at least one arrest for a violation of the Controlled Substances Act; along with the confiscating of assorted illicit substances. These substances were properly inventoried and submitted to CPD Crime Lab Chemsitry [*sic*] Unit, where they were subsequently analyzed as Positive for elected Controlled Substances by the expert chemists employed there." A search warrant was issued on September 11, 1989, based upon the statements contained in this affidavit.

On September 14, 1989, the detective who executed the affidavit, two other detectives from the Chicago police department, and a police officer from Stone Park executed the warrant at 1806 N. 36th Avenue. The building is owned by Marilyn Gardner, defendant's mother, and Thomas Gardner, defendant's step-father, both of whom were there at the time the police arrived. Also in the house were defendant's brother, Carl Pearson, and Pearson's girlfriend, Lydia Roberts. Shortly after the police arrived at the Gardner home, defendant walked in the front door. A detective showed defendant the search warrant and frisked him. Defendant remained in the house throughout the search.

The officers searched the premises and recovered 133.9 grams of cocaine, most of which was prepackaged in small quantities; inostital, a substance used to dilute cocaine for resale; empty plastic bags; precut tinfoil packets; a scale; and a sifter, all which was found in a crawlspace of an upstairs bedroom. Also found in the crawlspace

were two homemade firearm silencers fabricated from PVC pipe. Following recovery of the contraband, defendant was placed under arrest.

Defendant filed motions pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, seeking to quash the warrant and arrest and to suppress the evidence seized. The motion alleged that Facchini's warrant affidavit contained false statements made with reckless disregard for the truth and specifically denied the charges contained therein. The motion was supplemented with an affidavit executed by defendant which stated that he was not present at 1806 N. 36th Avenue on September 11, 1989, between the hours of 12 midnight and 11:06 a.m., the approximate time the warrant was issued. Defendant further affirmed that at the time in question, he was at his apartment at 1519 Mannheim Road in Stone Park with his girlfriend, Regina Swafford, their child, and an individual known as Dave Loomis.

Swafford also executed an affidavit in support of defendant's motion, which stated that she resided at 1519 Mannheim Road and that defendant was with her between the hours of 12 midnight and 9:30 a.m. on September 11, 1989. Loomis also executed an affidavit stating that defendant was at the Mannheim Road apartment with Swafford and himself between 12 midnight and 9:30 a.m. on the date in question.

Marilyn Gardner and Thomas Gardner also executed affidavits in support of defendant's motion stating that they were at their residence between the hours of 12 midnight and 11:06 a.m. on September 11, 1989, and that defendant did not enter the premises during that time, either alone or accompanied by someone else.

Based upon this preliminary showing, defendant requested an evidentiary hearing to establish that the detective who executed the affidavit recklessly misled the magistrate who issued the search warrant in question. The trial court denied the request for an evidentiary hearing, stating:

> "*Franks v. Delaware* states very clearly and very succinctly I believe that you have to show that there was a deliberate falsification on the behalf of not some informant but of the police officer, being the person who filled out the complaint for the search warrant.
>
> That he had to deliberately falsify or misreprent [*sic*] the facts that he has presented. There has been no showing whatsoever that the police officer in this case in effect lied about what he learned from the informant.
>
> There is no showing that he deliberately misrepresented

anything. There is certainly no showing that he lied in the affidavit for the search warrant.

So there is absolutely no basis for a hearing under Franks. So the motion for a hearing for a Franks hearing will be denied."

Our supreme court in *People v. Lucente* (1987), 116 Ill. 2d 133, 506 N.E.2d 1269, specifically rejected this rigid interpretation of *Franks*. The *Lucente* court concluded that "if an informant is the source of false statements, a defendant may still be entitled to a hearing to show that the officer acted recklessly in using the information received as a basis for the search warrant. The greater the showing that the informant blatantly lied to the officer-affiant, or that the information from the informant is substantially false, the greater is the likelihood that the information was not appropriately accepted by the affiant as truth and the greater the probability that the affiant, in putting forth such information, exhibited a reckless disregard for the truth. This would be especially true where the warrant affidavit recited no independent corroboration of the information relied upon." (*Lucente*, 116 Ill. 2d at 152, 506 N.E.2d at 1277.) The court recognized that while the defendant's ultimate burden is to show by a preponderance of the evidence that the affiant-officer made deliberate or false reckless statements, if such a showing were required as a preliminary matter, no hearing could ever result in cases in which all the information to establish probable cause came from an unnamed informant. *Lucente*, 116 Ill. 2d at 149, 506 N.E.2d at 1275.

It is settled law that a defendant is entitled to an evidentiary hearing if he makes a "substantial preliminary showing" that a false statement was knowingly and intelligently, or with reckless disregard for the truth, included by the affiant-officer in the warrant affidavit and that such statement was essential to a magistrate's determination of probable cause. (*Lucente*, 116 Ill. 2d 133, 506 N.E.2d 1269.) A substantial showing is defined as something more than mere denials on the one hand and proof by a preponderance of the evidence on the other. "Put another way, the preliminary burden must be sufficiently rigorous to preclude automatic hearings in every case, but not so onerous as to be unachievable." (*Lucente*, 116 Ill. 2d at 152, 506 N.E.2d at 1277.) Thus, the statements made in the warrant affidavit must be balanced against those advanced by a defendant in his challenge to that affidavit. Whether a defendant has met the burden of proof required to make a substantial showing is necessarily a subjective assessment made by the trial court, and absent an abuse of discretion, such decision will not be disturbed on review. *Lucente*, 116 Ill. 2d 133, 506 N.E.2d 1269.

■ In the case *sub judice*, we believe the trial court erred when it summarily dismissed defendant's request for a *Franks* hearing based upon the misapprehension that the defendant must show the affiant-officer deliberately made false statements in order to obtain the search warrant. *Lucente* clearly states that if a defendant can show the officer acted recklessly in using information provided by a confidential informant, where a warrant is based solely upon information supplied by that informant, he may nonetheless be entitled to an evidentiary hearing which challenges the veracity of the statements put forth to establish probable cause.

Here, the warrant states that the informant purchased cocaine from defendant at 1806 N. 36th Avenue in Stone Park, Illinois, on September 11, 1989. The search warrant was approved by an assistant State's Attorney at approximately 11:06 a.m. on September 11, 1989. Simple deductive reasoning leads us to the conclusion that the alleged sale must have occurred between the hours of 12 midnight and 11:06 a.m. on September 11, 1989. Based upon the averments included in the warrant affidavit, Facchini did not undertake an independent investigation in an attempt to corroborate the time of the alleged sale or any other of the informant's charges.

Defendant refutes the charges in the warrant by claiming they could not possibly be true as he was not at the premises in question during the time period wherein the alleged transaction could have occurred. Along with his motion for a *Franks* hearing, defendant filed an affidavit which detailed his whereabouts and activities between the hours of 12 midnight and 11:06 a.m. on September 11, 1989. The affidavit recites that on the evening in question, he slept at an apartment at 1519 Mannheim Road. This was corroborated by both Swafford and Loomis in their affidavits filed with the trial court. Additionally, defendant's mother and step-father both executed affidavits stating they were both home on September 11, 1989, and that defendant did not enter the premises between the hours of 12 midnight and 11:06 a.m. on that day.

Based upon the forgoing evidence, we believe that defendant has made a substantial showing that a false statement was included by the detective in the warrant affidavit. While the corroborating affidavits are all made by interested parties, they cumulatively provide an apparently airtight alibi. Moreover, all of these affidavits are sufficiently detailed so as to subject the affiants to the penalties of perjury if the statements contained therein were found to be false. (See 720 ILCS 5/32—2 (West 1992); *People v. Cruz* (1982), 111 Ill. App. 3d 95, 443 N.E.2d 769.) Accordingly, we hold defendant is entitled to an evidentiary hearing to challenge the veracity of the statements contained in the warrant affidavit.

For the reasons set forth above, the judgment of the circuit court of Cook County is reversed and the cause remanded for a *Franks* hearing.

Reversed and remanded.

RIZZI and CERDA, JJ., concur.