(No. 60403.—

THE PEOPLE OF THE STATE OF ILLINOIS v. JACK
  VERDONE *et al.*, Appellees (J. Michael Fitz-
  simmons, State's Attorney, Appellant).

*Opinion filed June 5, 1985.*

Neil F. Hartigan, Attorney General, of Springfield, and J. Michael Fitzsimmons, State's Attorney, of Wheaton (Jill Wine-Banks, Solicitor General, and Mark L. Rotert and Jack Donatelli, Assistant Attorneys General, of Chicago, and Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

Terry Sullivan and Nancy J. Nicol, of the Law Offices of Terry Sullivan, Ltd., of Rolling Meadows, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, J. Michael Fitzsimmons, State's Attorney, appealed from the judgment of the circuit court of Du Page County finding him in contempt for failure to comply with an order directing him to produce and turn over to defendants, Jack Verdone and Julie Hill, certain search warrants issued in other cases and the complaints upon which those search warrants were based. The court imposed a fine of $100. The appellate court affirmed in a Rule 23 order (87 Ill. 2d R. 23; 123 Ill. App. 3d 1157), and we allowed the respondent's petition for leave to appeal (94 Ill. 2d R. 315(a)).

On the complaint and affidavit of Officer Thomas P. Andricopoulos of the organized crime division, narcotics

section, Chicago police department, search warrants were issued for premises occupied by defendant Verdone. In execution of the warrant, premises at 261 Park Lane in Roselle, in Du Page County, were searched, and cocaine and other controlled substances were seized. In indictments returned by the grand jury defendants were charged with unlawful delivery of a controlled substance (Ill. Rev. Stat. 1981, ch. 56½, pars. 1401(a)(2), 1401(a)(9)) and unlawful delivery of cannabis (Ill. Rev. Stat. 1981, ch. 56½, par. 705(d)).

In the complaint for the search warrant Officer Andricopoulos stated that he had received information from a reliable police informant whom he had known for two years; that during this time the informant had given him information on 30 separate occasions, all pertaining to illegal drugs; that all 30 raids resulted in the recovery of controlled substances, marijuana and illegal weapons; that all the recovered controlled substances and marijuana were taken to the Chicago police department crime laboratory for expert analysis and were subsequently classified "positive" in all 30 cases; that the informant had told him that he was in defendant Verdone's home on the evening of June 17, 1982, and had purchased from him a quantity of cocaine; that while there defendant asked him to come into his office and that he observed through the open door of a large walk-in closet a large clear plastic bag contained in a safe and that the bag contained one-ounce bags of cocaine; that the informant opened a bag and examined the cocaine; that he paid Verdone $2,200 for the cocaine which he had agreed to purchase; that defendant Verdone had offered to sell him Quaaludes; that in a drawer he had seen additional one-ounce-size bags of white powder; that the informer has been a user of cocaine for more than five years, knows the effects of quality cocaine, and that the cocaine sold by defendant Verdone is of excellent quality.

Defendants filed a motion to quash the search warrant and suppress physical evidence. In their amended motion defendants alleged that the complainant for the search warrant did not corroborate the hearsay statements of the unnamed informant to verify the truth of the statements; that defendants denied each and every allegation of illegal actions contained in the complaint; and that the information was not true. Defendants also alleged that the affidavit was knowingly and intentionally false or made with reckless disregard for the truth. Defendants requested an evidentiary hearing and an order to produce the alleged informant "in order to prove by a preponderance of the evidence the truthfulness of petitioners' affidavit and offer of proof." The circuit court held that defendants were entitled to an evidentiary hearing.

The circuit court ordered a rule to show cause to issue against the superintendent of the Chicago police department and others for their failure to comply with a subpoena *duces tecum* previously issued directing them to appear and testify and bring with them "all search warrants and complaints wherein the alleged informant described in the complaint was involved in providing information to the police," and all "street files" relative to the defendants and the informant. After several delays an assistant State's Attorney appeared before the court and stated that he had in his possession the documents described in the rule and requested that the court examine them *in camera.* The court ruled that the documents must be provided to defendants, and upon his refusal to deliver them to defendants, the assistant State's Attorney was found to be in contempt of court and the fine imposed. On his motion, the State's Attorney was substituted for the assistant State's Attorney as the party defendant.

The appellate court held that, upon the record before it, it could not review the correctness of the underlying order and was required to assume that defendants had

made the necessary "threshold showing that a hearing must be held." The court recognized that there is authority in this jurisdiction that, under certain circumstances, a circuit court, in its discretion, may require that an informant be identified, or even produced in court. The appellate court pointed out that the circuit court had not required the disclosure of the identity of the informant; that the record does not show that the informant was identified in the requested documents; and that there is no indication in the record that disclosure would endanger the safety of the informant. The appellate court concluded that "under the unique procedural and factual circumstances presented in the record before us," having determined that defendants were entitled to an evidentiary hearing, the circuit court did not abuse its discretion in ordering disclosure to defendants of the requested search warrants and the complaints upon which they were issued.

The respondent contends that the decision of this appeal requires a review of the correctness of the order upon which the contempt judgment was based. He argues that, while sanctions are a proper means to enforce a discovery order, their imposition requires a valid discovery order, and if the order was invalid, the contempt judgment must be reversed. He argues that the order to deliver the documents was invalid for the reason that the circuit court erred in granting defendants an evidentiary hearing because defendants had failed to make a sufficient showing to entitle them to such a hearing.

Defendants contend that the appellate court correctly held that the order of the circuit court granting a hearing was a nonappealable order, and that the circuit court's finding that the State's Attorney was in contempt for failure to obey its order to deliver the documents was correct. Alternatively, defendants argue that assuming, *arguendo*, that the order granting the preliminary hearing was reviewable, the circuit court correctly found that defend-

ants made "a substantial preliminary showing" which entitled them to a hearing.

Because the circuit court issued an order to show cause and held the respondent in contempt we need not consider the question whether the order granting defendants a hearing was an appealable order. As the court said in *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167:

> "Where an unappealable interlocutory order results in a judgment of contempt including a fine or imprisonment, such a judgment is a final and appealable judgment and presents to the court for review the propriety of the order of the court claimed to have been violated." (87 Ill. 2d 167, 174.)

We find that the record before us is sufficient to enable us to determine whether the circuit court erred in ordering the hearing requested in defendants' motion.

The decision of this appeal turns on whether, as required in *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, defendants made a sufficient showing to entitle them to a hearing. In *Franks*, the Supreme Court held that a defendant may challenge the veracity of a warrant affidavit if he makes a "substantial preliminary showing" that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause. If such a showing is made, the fourth amendment requires that a hearing be held. 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676.

The Supreme Court said: "The requirement of a substantial preliminary showing would suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction." (438 U.S. 154, 170, 57 L. Ed. 2d 667, 681, 98 S. Ct. 2674, 2684.) The court went on to say:

> "There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To

mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." 438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684.

In their amended motion to quash, defendants stated that the complainant did not corroborate the hearsay statements of the unnamed informant; that they deny each and every allegation of illegal actions contained in the complaint; and that the affiant knew or should have known that the allegations contained in the complaint were not true. They deny specifically that the informant was in Verdone's home; deny that Verdone sold any cocaine; deny that there is a walk-in closet or an office or a safe located in the home; and deny the presence of the bags which the affiant stated were described by the informant.

From our examination of the affidavit we fail to find, as required by *Franks*, the statement of supporting reasons and the offer of proof of what defendants intend to prove. In short, we find nothing in the affidavit which supports more than "a mere desire to cross-examine" to

which the court refers in *Franks*. We note, parenthetically, that the complaints in the prior cases would appear to be relevant only to the question of the reliability of the informant, and we are not prepared to say that a record of 30 reliable tips is essential to establishing the informant's reliability.

In support of their position defendants cite *People v. Garcia* (1982), 109 Ill. App. 3d 142. As noted in *People v. Martine* (1985), 106 Ill. 2d 429, in *Garcia* the affidavits contradicted the statement of the affiant concerning the presence of a Cadillac in front of the defendant's apartment on a certain day at a certain time, and set forth the fact that at that time and on that date defendant was en route in that automobile from his home in Florida. There is no such specific challenge to the veracity of the complainant in this case.

We conclude, from our examination of the complaint for the issuance of the search warrant and the motion to quash, that defendants failed to make the preliminary showing required under *Franks* and that the circuit court erred in ordering the preliminary hearing. Because the order granting the preliminary hearing was erroneously entered and therefore invalid, it follows that the order finding respondent guilty of contempt must be reversed.

For the reasons stated, the judgment of the appellate court is reversed, the judgment of contempt entered by the circuit court of Du Page County is vacated, and the cause is remanded to that court for further proceedings consistent with this opinion.

*Appellate court reversed;*
*circuit court vacated;*
*cause remanded.*