THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JACK E. VERDONE, Defendant-Appellee.

Second District   No. 2—83—1084

Opinion filed August 30, 1985.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (James E. Ryan and Barbara A. Preiner, Assistant State's Attorneys, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Nancy J. Nicol, of Terry Sullivan, Ltd., of Rolling Meadows, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:
The State appeals from an order entered by the circuit court of Du Page County during pretrial proceedings in a criminal prosecution

of defendant Jack Verdone. The State asserts that (1) the circuit court lacked jurisdiction to enter the order and (2) alternatively, if the circuit court had jurisdiction, entry of the order was erroneous.

■ Although raised by neither party, it is initially necessary to discuss the appealability of the order at issue. The State in a criminal case has only a limited right to appeal. For purposes of the case at bar, the order at issue must be one "the substantive effect of which results in *** suppressing evidence" to be appealable. (87 Ill. 2d R. 604(a)(1).) The written order signed by the trial court judge required only that certain property be returned to defendant because it was seized pursuant to an illegal search. However, it is apparent from the remarks of the trial judge at the hearing, and from the manner in which the parties have treated the hearing and the order, that all concerned recognized the underlying issue to have been the suppression of the items ordered returned. Under these circumstances, the order had the substantive effect of suppressing evidence and so was appealable by the State.

The next matter to be considered is the issue raised by the State concerning the trial court's jurisdiction to enter the order appealed from. The State contends that the trial court lacked jurisdiction because the order was entered during the pendency of an appeal by the State's Attorney from a judgment finding him in contempt for failure to comply with a circuit court order directing him to turn over certain documents to the defense. In the context of the case at bar, we agree.

■ Generally, the filing of a notice of appeal divests the trial court of jurisdiction to enter any order involving a matter of substance and causes the jurisdiction of the appellate court to attach instanter. (*Daley v. Laurie* (1985), 106 Ill. 2d 33, 37, 476 N.E.2d 419, 421; *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1052, 430 N.E.2d 569, 572.) There are, of course, exceptions. (*People v. Baker* (1980), 85 Ill. App. 3d 661, 662, 406 N.E.2d 1152, 1153.) Where a matter is independent of, and collateral to, the judgment on appeal, the trial court retains jurisdiction to hear and decide the matter. *In re Marriage of Petramale* (1981), 102 Ill. App. 3d 1049, 1053, 430 N.E.2d 569, 572.

The case at bar is somewhat anomalous. The judgment appealed from was one finding the Du Page County State's Attorney in contempt and fining him $100. Our supreme court has said:

"The imposition of a sanction for contempt is final and appealable because, although occurring within the context of another proceeding and thus having the appearance of being interlocu-

tory, it is an original special proceeding, collateral to and independent of, the case in which the contempt arises. [Citations.]" (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 172, 429 N.E.2d 483, 486.) It is therefore clear that the appeal of the judgment of contempt was collateral to and independent of the criminal prosecution in the trial court. The anomaly is that the criminal prosecution was not independent of the appeal of the judgment of contempt.

The reason for this dependency of the criminal prosecution on the appeal of the judgment of contempt lies in the issues presented for review by the appeal. The trial court ordered a hearing into the veracity of a search warrant affidavit pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. The trial court ordered the prosecutor to turn over to the defense certain documents prior to the hearing and the prosecutor refused to do so. For this refusal, the court entered the judgment of contempt from which the State's Attorney appealed. One of the issues presented for review was the propriety of the circuit court's order granting a *Franks* hearing. (*People v. Verdone* (1985), 107 Ill. 2d 25, 30, 479 N.E.2d 925, 927; *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 174, 429 N.E.2d 483, 487.) In fact, our supreme court reversed the judgment of contempt because the circuit court's order granting the *Franks* hearing was erroneous. (*People v. Verdone* (1985), 107 Ill. 2d 25, 32, 479 N.E.2d 925, 928-29.) Therefore, since the question of whether a *Franks* hearing could be ordered was presented by the appeal, the criminal prosecution was dependent on, and not independent of, the appeal of the judgment of contempt.

■■ Because the issue of the propriety of the order granting a *Franks* hearing was presented by the appeal of the judgment of contempt, the situation at bar is similar to one in which the State takes an interlocutory appeal from a pretrial order suppressing evidence. In such a case it has been held that the circuit court lacks jurisdiction to consider matters of substance until the appellate court issues its mandate. (*People v. McBride* (1983), 114 Ill. App. 3d 75, 81, 448 N.E.2d 551, 554.) Similarly in the case at bar, because the criminal prosecution was not independent of the matters presented for review by the appeal of the judgment of contempt, the circuit court lacked jurisdiction to enter the suppression order.

Since our holding that the circuit court lacked jurisdiction to enter the order disposes of this appeal, it is unnecessary to address the question of whether the suppression order would be erroneous if the circuit court entered it at a time when it had jurisdiction. The judg-

ment of the circuit court of Du Page County is accordingly reversed and this cause is remanded for further proceedings.

Reversed and remanded.

HOPF and REINHARD, JJ., concur.