THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID SHUKOVSKY, Defendant-Appellee (Matthew Chancey, Assistant State's Attorney, Contemnor-Appellant).

Second District   Nos. 2—85—0616, 2—86—52 cons.

Opinion filed January 28, 1987.—Rehearing denied February 26, 1987.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant Matthew Chancey.

Neil F. Hartigan, Attorney General, of Springfield, Josette Skelnik, of Robinson & Skelnik, of Elgin, and Jed Stone, Ltd., of Waukegan (Roma Jones Stewart, Solicitor General, and Jack Donatelli, Assistant Attorney General, of Chicago, and Mark L. Roter, Assistant Attorney General, of Springfield, of counsel), for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

This is an appeal from the circuit court of Lake County consolidating an appeal by the State from the trial court's order which dismissed the charges against defendant, David Shukovsky, on speedy-trial grounds, with an appeal by the assistant State's Attorney from an order of contempt entered against him during the course of the pretrial proceedings involving the defendant.

The defendant, David Shukovsky, was charged with the battery of Andrea Shukovsky. The defendant sought to have certain materials in the possession of the State turned over by causing a *subpoena duces tecum* to issue. The subpoena was directed to Laura Notson, a social worker employed by the State's Attorney's office. Following a hearing on the State's motion to quash the subpoena, the court denied the motion. The assistant State's Attorney, Matthew Chancey, refused to turn over the subpoenaed material and was held in contempt of court. He was fined $10. After timely notice of appeal was filed from that order, the trial court granted numerous continuances and charged them against the State for its failure to turn over the subpoenaed materials. Eventually, the defendant filed a petition for discharge due to a violation of speedy-trial mandates, and the trial court granted the discharge. The State filed a timely appeal from the order of discharge. This is a consolidation of those two appeals.

We first consider the appeal from the trial court's order finding Assistant State's Attorney Chancey in contempt. In so doing, we must initially consider a motion by counsel for the assistant State's Attorney, requesting that this court reconsider and strike its order designating the People of the State of Illinois as appellee and appointing the Attorney General to represent the appellee. We ordered this motion to be taken with the case.

On January 16, 1986, the People filed a motion to consolidate the contempt appeal with the appeal from the speedy-trial dismissal. On January 29, 1986, this court allowed the defendant to file objections *instanter* and allowed the People's motion to consolidate the two causes. On August 26, 1986, after appellate counsel for the assistant State's Attorney, the State's Attorney's appellate prosecutor, filed the appellant's brief, defendant made a motion asking that this court des-

ignate an appellee to defend against the contempt appeal. No objections were filed by the State's Attorney's appellate prosecutor, and on September 3, 1986, this court designated the People of the State of Illinois as appellee. This court further appointed the Attorney General to represent the appellee. The State's Attorney's appellate prosecutor then sought to have that order vacated, asserting that the Attorney General had taken a position directly antithetical to that taken by the People of the State of Illinois at the proceedings below and on appeal in their representation of the assistant State's Attorney. In other words, counsel for appellant has now asserted that there exists a conflict of interest in allowing the People of the State of Illinois to be designated as appellee, since the People are also designated as the appellant in the contempt appeal.

In *Marcisz v. Marcisz* (1976), 65 Ill. 2d 206, the Illinois Supreme Court held that the appellate court properly substituted the People as appellee in an appeal from a criminal contempt. In so holding, the court noted that criminal contempts could properly be prosecuted or defended on appeal by counsel for a litigant, the State's Attorney, or by an *amicus curiae* appointed by the court.

■ We are not inclined to reconsider our designation of the People as appellee at this late point. When counsel for defendant Shukovsky moved this court to appoint an appellee, counsel for appellant had five days in which to file any objections. (103 Ill. 2d R. 361(b)(2).) Counsel for appellant did not file any objections. In fact, no objections were made to the court's designation of the People as appellee until nearly two months later, after appellant filed his brief and the Attorney General, as appointed counsel for the appellee, filed its brief in the appeal. Complaints regarding parties to an action will, under certain circumstances, be considered waived. (See *Zelinski v. Security Lumber Co.* (1985), 113 Ill. App. 3d 927, 938; *Schroeder v. Meier-Templeton Associates, Inc.* (1984), 130 Ill. App. 3d 554, 558.) To order the appellee stricken now would result in a further delay in the disposition of the defendant's appeal in the consolidated case. Applying general waiver principles, we find that the State has waived this point by its failure to make a timely objection. (See *Auton v. Logan Landfill, Inc.* (1984), 105 Ill. 2d 537, 543; *People v. Hall* (1986), 145 Ill. App. 3d 873, 877.) We further note that appellant has couched this issue in terms of a conflict of interest in that the Attorney General has taken a position contrary to the position that the People took below. Even if this issue had been presented in a timely fashion, the appellant is not the proper party to be raising the question of the ability of the Attorney General to effectively represent the trial court. See *Western Ca-*

*sualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 501.

■■ We turn now to the assistant State's Attorney's contention that the trial court improperly held him in contempt of court for his failure to turn over material requested by the defendant in a pretrial *subpoena duces tecum.* A judgment of contempt imposing a fine or sentence of imprisonment is appealable, and it presents the reviewing court with the issue of the propriety of the order which has been violated. (*People v. Verdone* (1985), 107 Ill. 2d 25, 30.) It is the position of the assistant State's Attorney that the trial court erred by not quashing the *subpoena duces tecum.*

■■ In order to require production of documents prior to a criminal trial, the party moving for the *subpoena duces tecum* must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without the production and inspection of the documents in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon* (1974), 418 U.S. 683, 699-700, 41 L. Ed. 2d 1039, 1059, 94 S. Ct. 3090, 3103.

The subpoena at issue here reads as follows:

> "All notes, memorands [*sic*] and file materials of your conversations with Andrea Shukovsky relative to the above-captioned matter, as well as any notes, memoranda or file materials taken in connection with discussions with any member of the Lake County State's Attorney's Office or any police agency involving the above-captioned matter and Andrea Shukovsky's complaints against David Shukovsky relative thereto."

Assistant State's Attorney Chancey contends that defense counsel were merely speculating that something in the material requested might aid in the defendant's defense, and thus the defendant was engaged in a "fishing expedition." Chancey argues that the only express rationale for seeking the complainant's statements was for their possible value in challenging her credibility, and the court in *Nixon* indicated that generally the need for impeachment evidence is insufficient to require its production in advance of trial. 418 U.S. 683, 701, 41 L. Ed. 2d 1039, 1060, 94 S. Ct. 3090, 3104.

The defendant responds that he was not engaged in a "fishing expedition" and that he provided the court with as much information as he could possibly know about the relevancy and materiality of the documents. He explained to the court that his theory of defense was that

the complainant was mentally ill and had made numerous false accusations against the defendant, including the charged one. Defense counsel had moved to dismiss the information, alleging that as the result of an investigation, it had become known that complainant suffered from a mental illness and that she had filed numerous false complaints against the defendant. Defense counsel stated that the same charge of battery had originally been nol-prossed by the State after defense counsel shared his investigative findings with the assistant State's Attorney. Thereafter, defendant's arrest record was expunged. The State then brought the same charge against the defendant. Defense counsel argued that he was entitled to any evidence that the State had obtained regarding diagnoses or documentation of the complainant's mental illness.

It should initially be noted that the assistant State's Attorney contends that any attempt by the defendant to recover *Brady* material (*Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194) should have proceeded by way of the discovery motion and that the defendant's failure to do so must require a conclusion that the material requested was otherwise procurable in advance of trial through the exercise of due diligence. We do not resolve this issue because it is evident that defense counsel was not merely seeking *Brady* material but rather all material, as limited by the subpoena language, which might aid him in fashioning a defense.

■ No court reporter was present at the hearing on the State's motion to quash the defendant's subpoena. There is, however, a transcript of the hearing on the State's motion to reconsider its motion to quash. At that hearing, only legal arguments were made regarding whether the subpoena was sufficiently limited and directed toward relevant material such that it could withstand a motion to quash. Defense counsel presented no witnesses or evidence at this hearing to indicate that the material sought was likely to be relevant to his proposed defense. However, an appellant has the responsibility for the proper presentation of the record of the proceedings before the trial court. Where the appellant has waived transcription of the proceedings at which the alleged error occurred and has not provided this court with a bystander's report, the error has not been properly preserved for review, and this court will not guess or hypothesize about possible prejudice to the appellant. (*People v. Edwards* (1978), 74 Ill. 2d 1, 6-7, *cert. denied* (1979), 442 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2862.) In the absence of a transcript of the hearing at the State's motion to quash the defense subpoena or some other indication that defense counsel did not present any evidence or witnesses to indicate

the relevancy and materiality of the materials sought, we will not presume error.

■ Finally, we turn to a determination of whether the trial court properly dismissed the charges against the defendant on the basis that the speedy-trial term had run.

The prosecutor refused to turn over the subpoenaed material and was held in contempt on July 3, 1985. On August 2, 1985, timely notice of appeal was filed. Several continuances were later granted and charged to the State for its failure to turn over the subpoenaed material. These continuances were charged to the State despite the State's representations that it was answering ready for trial. On December 18, 1985, the defendant filed a petition for discharge, contending that more than 160 days had passed since his speedy-trial demand on June 21, 1985, and none of the delay was attributable to the defendant. On December 20, 1985, the trial court dismissed the charges against the defendant, and the State filed a timely notice of appeal.

On appeal, the State contends that the circuit court was without jurisdiction to enter the order dismissing the defendant's case once the assistant State's Attorney had taken an appeal from the order of contempt. In support, the State cites the case of *People v. Verdone* (1985), 136 Ill. App. 3d 75. In that case, the State's Attorney appealed from a finding of contempt. During the pendency of that appeal, the trial court entered an order that certain property be returned to the defendant because it was seized pursuant to an illegal search. This court initially determined that the order was one from which the State had the right to appeal. (136 Ill. App. 3d 75, 76.) We likewise must first determine if the appeal is properly brought by the State.

The defendant addresses the issue of the State's right to take this appeal, but focuses on the order which formed the basis of the contempt, that is, the denial of the motion to quash the defendant's subpoena. It is the order dismissing the charges against the defendant because he was not brought to trial within 160 days that is at issue. It is clear that the State may appeal a defendant's discharge on speedy-trial grounds. 103 Ill. 2d R. 604(a)(1); Ill. Rev. Stat. 1985, ch. 38, par. 114—1(a)(1).

■ The next matter to be considered is whether the trial court had jurisdiction to enter such an order once an appeal from the contempt was pending. We believe this court's opinion in *People v. Verdone* (1985), 136 Ill. App. 3d 75, is dispositive of the issue. In that case, we held that while the contempt proceeding was collateral to and independent of the criminal prosecution, the criminal prosecution

was not independent of the appeal from the judgment of contempt. 136 Ill. App. 3d 75, 77.

Just as in *Verdone*, the contempt appeal here involved the issue of the propriety of the trial court's ruling requiring the State to turn over the subpoenaed material. The criminal prosecution was dependent upon our resolution of the contempt issue. Therefore, the trial court lacked the jurisdiction to consider matters of substance until this court issued the mandate in the contempt appeal. Accordingly, the order discharging the defendant is reversed, and the cause is remanded for further proceedings.

The judgment of the circuit court of Lake County is affirmed as to the order of contempt and reversed as to the order discharging the defendant on speedy-trial grounds, and the cause is remanded for further proceedings.

Affirmed in part; reversed and remanded in part.

HOPF and INGLIS, JJ., concur.