INDEX FUTURES GROUP, INC., Plaintiff-Appellee, v. VICTOR H. STREET, Defendant-Appellant.

First District (2nd Division)   No. 87—0928

Opinion filed November 24, 1987.

Robert E. Shapiro and Julie K. Rademaker, both of Barack, Ferrazzano, Kirschbaum & Perlman, of Chicago, for appellant.

W. Scott Porterfield, of Fishman & Merrick, P.C., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

The trial court entered an order disqualifying defendant's counsel from representing him in this case. Defendant challenges the propriety of the disqualification order.

On January 30, 1986, Index Futures Group, Inc. (Index), a futures commission merchant, filed the complaint in this action against Victor H. Street for alleged deficits in Street's commodity futures trading account. Index was represented by the law firm of Fishman, Merrick & Perlman, P.C., now Fishman & Merrick, P.C. (Fishman & Merrick).

Prior to May 1, 1986, two Fishman & Merrick partners, Charles Perlman and Ray Rezner, left that firm and joined Barack, Ferrazzano & Kirschbaum, now Barack, Ferrazzano, Kirschbaum & Perlman (BFK&P). Neither Perlman nor Rezner had ever done work for Index while at Fishman & Merrick, nor had they had anything to do with this lawsuit. It is uncontested that Perlman and Rezner had no actual

knowledge of the Index matter at any time.

In May 1986, Peter Barack, a partner at BFK&P, was contacted by H. A. Street, defendant's brother, who asked BFK&P to represent defendant in the Index litigation. When Barack learned that Fishman & Merrick represented the plaintiff, he immediately disclosed that Rezner and Perlman had recently joined BFK&P from that firm. Since neither had been involved in any way with Index or its lawsuit, BFK&P was retained and subsequently filed an answer and counterclaim on Street's behalf.

On August 28, 1986, plaintiff filed a motion to disqualify BFK&P as counsel for Street. The basis of the motion was that Perlman and Rezner were formerly members of the Fishman & Merrick firm. Plaintiff cited the requirement of Canon 4 of the Code of Professional Responsibility that "a lawyer should preserve the confidences and secrets of a client," but provided no evidence that any of plaintiff's confidences and secrets had been known by Perlman and Rezner. (107 Ill. 2d R. 4—101.) Plaintiff urged the court to apply an irrebuttable presumption that confidences were shared and disqualify defendant's counsel under the appearance-of-impropriety language of Canon 9 of the Code of Professional Responsibility. 107 Ill. 2d R. 9—101 et seq.

Defendant responded that the presumption that Perlman and Rezner shared the confidences of the plaintiff with other members of their former law firm is rebuttable. To rebut the presumption, defendant attached the affidavits of Rezner and Perlman, stating unequivocally that they were never involved in Fishman and Merrick's representation of Index in this or any other matter. Defendant also filed the affidavit of Barack attesting to the wholly coincidental retention of BFK&P as his counsel.

Counsel for Index conceded before the trial court and before this court that Perlman and Rezner had no knowledge of the Index matter while at Fishman & Merrick. The trial court found that "plaintiff readily admits that these attorneys had no knowledge" of the Index matter. It refused to consider the affidavits presented by defendant.

Relying principally on the Seventh Circuit cases of *Westinghouse Electric Corp. v. Kerr-McGee Corp.* (7th Cir. 1978), 580 F.2d 1311, *cert. denied* (1978), 439 U.S. 955, 58 L. Ed. 2d 346, 99 S. Ct. 353, and *Schloetter v. Railoc of Indiana, Inc.* (7th Cir. 1976), 546 F.2d 706, the court ruled that it could "not inquire into the fact of disclosure or nondisclosure of client confidences and secrets" on a disqualification motion of this kind. The only question permitted was whether a "substantial relationship" existed between the matter handled by the lawyers' old firm and the matter handled by the new firm. Finding that the

subject matter in this case was not only substantially related but, in fact, identical, the court ordered BFK&P to withdraw its appearance within seven days and granted Street 28 days to obtain new counsel or file his *pro se* appearance.

Defendant's motions to reconsider and to certify the question for appeal under Supreme Court Rule 308 were denied. (87 Ill. 2d R. 308.) However, the trial court suggested that counsel for defendant refuse to withdraw, be held in contempt of court, and thereby create a basis for appeal. The suggestion was adopted and this appeal followed.

I

■ Plaintiff contends that it is not proper for this court to consider whether or not the trial court properly disqualified defendant's counsel because the trial court refused to certify that question under Supreme Court Rule 308. The trial court's ruling denying the application of Rule 308 was correct because an immediate appeal from the disqualification order would not "materially advance the ultimate termination of the litigation." Then the trial court suggested an alternate method to obtain a review:

> "Stand here and tell me you will not withdraw your appearance. I will find you in contempt. I will fine you a hundred dollars, and you are on your way to the Appellate Court. It's as simple as that.
>
> * * *
>
> You have the method to get to the Appellate Court. I gave it to you. I even indicated I would give you just a fine of a hundred dollars."

Contrary to plaintiff's argument, there could be no "insult" to the trial judge in following the procedure he recommended.

The recommended procedure allows this court to review the merits of the underlying disqualification decision. In *People v. Verdone,* our supreme court held:

> " 'Where an unappealable interlocutory order results in a judgment of contempt including a fine or imprisonment, such a judgment is a final and appealable judgment and presents to the court for review the propriety of the order of the court claimed to have been violated.' " (*People v. Verdone* (1985), 107 Ill. 2d 25, 30, 479 N.E.2d 925, quoting *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 167, 174, 429 N.E.2d 483.)

In this case, the ruling "claimed to have been violated" and thus "present[ed] to the court for review" is the order disqualifying BFK&P and ordering it to withdraw.

## II

We must now determine whether the trial court applied the correct legal standard in disqualifying defendant's attorneys. Citing *Westinghouse Electric Corp. v. Kerr-McGee Corp.* (7th Cir. 1978), 580 F.2d 1311, *cert. denied* (1978), 439 U.S. 955, 58 L. Ed. 2d 346, 99 S. Ct. 353, it applied the irrebuttable presumption rule. In that case, the court based its determination on "[t]he fact that the two contrary undertakings by Kirkland occurred contemporaneously, with each involving substantial stakes and substantially related to the other, outbalances the client's interest in continuing with its chosen attorney." (580 F.2d at 1322.) Had Perlman and Rezner worked directly on this case while at their former law firm, under *Westinghouse* they would be irrebuttably presumed to have shared confidences with the plaintiff and disqualification would be proper. Commenting on this result in *Westinghouse*, the same Seventh Circuit sitting *en banc* in *Novo Terapeutisk Laboratorium A/S v. Baxter Travenol Laboratories, Inc.* (7th Cir. 1979), 607 F.2d 186, said:

> "There are often good reasons for making a presumption of shared confidences irrebuttable. We generally do so at the first level (the presumption that confidences have been shared by a client in a substantially *related matter*) in order to avoid any unseemly inquiry into the actual details of conversations between client and counsel. [Citations.] In that situation, and no doubt in others, an irrebuttable presumption may also be required by the spirit of Canon 9—in order to avoid even the appearance of impropriety." (607 F.2d at 197.)

It then concluded:

> "On the other hand, a rote reliance on irrebuttable presumptions may deny the courts the flexibility needed to reach a just and sensible ruling on ethical matters. ***
>
> * * *
>
> The circumstances of this case demonstrate that the presumption that Cook shared confidences with his associates at the Hume firm need not be irrebuttable." 607 F.2d at 197.

The rebuttable presumption rule was first considered and adopted by this court, after considering *Nova* and its progeny in the Seventh Circuit, in *Skokie Gold Standard Liquors, Inc. v. Seagram & Sons, Inc.* (1983), 116 Ill. App. 3d 1043, 452 N.E.2d 804, when it stated:

> "We find the above reasoning persuasive, since it strikes a balance between the former client's right to protection of its confidences and secrets and the present client's right to counsel of its own choosing, while also bearing in mind the need to prevent

the appearance of impropriety." 116 Ill. App. 3d at 1058.

Although the trial court correctly determined that a substantial relationship existed between the subject matter of Fishman & Merrick's representation of Index and BFK&P's representation of Street, under *Skokie Gold* such a determination should be the starting point and not the end of the analysis.

■ So we begin our analysis by presuming that Perlman and Rezner shared whatever confidences Index may have given to their law firm in connection with monies allegedly due to Index from Street. However, the attorneys for Index concede that Perlman and Rezner did not share any of the confidences of Index while with their law firm. The nonexistence of the presumed fact is undisputed. Therefore, defendant's attorneys could not have violated Canon 4, which requires that "a lawyer should preserve the confidences and secrets of a client." Street's lawyers never learned any of the Index confidences while at Fishman & Merrick and, therefore, cannot take any of them to BFK&P.

■ Our final consideration is whether the appearance of impropriety of Canon 9 of the Code of Professional Responsibility can be applied to disqualify defendant's attorneys under the facts of this case. 107 Ill. 2d R. 9—101.

*Skokie Gold* and the Seventh Circuit cases it considered are unanimous that the rebuttable presumption rule already encompasses the ethical considerations of Canon 9. (*Skokie Gold Standard Liquors, Inc. v. Seagram & Sons, Inc.* (1983), 116 Ill. App. 3d 1043, 1057, 452 N.E.2d 804, quoting *Nova Terapeutisk Laboratorium A/S v. Baxter Travenol Laboratories, Inc.* (7th Cir. 1979), 607 F.2d 186.) Where the presumption is rebutted, Canon 9 by itself is "simply too weak and too slender a reed" upon which to order disqualification. (*Freeman v. Chicago Musical Instrument Co.* (7th Cir. 1982), 689 F.2d 715, 723.) Any other rule would permit a party to defeat the rebuttable presumption rule merely by positing an "appearance" of impropriety in the abstract where an actual conflict has been conclusively demonstrated not to exist.

We therefore conclude that the orders of the circuit court of Cook County disqualifying defendant's attorneys and finding them in contempt are reversed and this cause is remanded for further proceedings.

Reversed and remanded.

STAMOS and HARTMAN, JJ., concur.