THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KWAMI GILES, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMIE C. DANIELS, Defendant-Appellant.

Second District   Nos. 2—90—0805, 2—90—0806 cons.

Opinion filed June 12, 1992.—Rehearing denied August 5, 1992.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellants.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUDGE WOODWARD delivered the opinion of the court:

The defendants, Tommie C. Daniels and Kwami Giles, were jointly charged by information in the circuit court of Lake County with one count of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2(a)), one count of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—3(a)) and one count of theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)).

Both defendants pleaded guilty to the armed robbery charges, and the aggravated battery and theft counts were dismissed. Daniels was sentenced to 15 years in prison and Giles to an 8½-year term of imprisonment. Both defendants appeal, and their cases have been consolidated due to the similarity of the issues raised.

The issue raised by Daniels is whether the trial court erred in not considering a motion to reconsider his sentence filed by his counsel because he had subsequently filed, *pro se*, a notice of appeal. The issue presented by Giles is whether the trial court erred in not considering a motion to withdraw his guilty plea filed by his counsel because he had subsequently filed, *pro se*, a notice of appeal.

The facts relevant to this appeal are as follows. The State filed a joint information charging both defendants with armed robbery, aggravated battery and theft based on their theft of a Chevrolet Blazer by the use of force and while armed with a gun. Following a conference pursuant to Supreme Court Rule 402 (134 Ill. 2d R. 402), each defendant pleaded guilty to the armed robbery charge. As a factual basis for the pleas, Giles testified that he was driving the victim's vehicle, and Daniels testified he pointed a BB gun at the victim and also hit the victim in the head with the gun. The victim jumped out of his vehicle, and Giles continued to drive it.

On June 26, 1990, Daniels was sentenced to 15 years' imprisonment, and Giles was sentenced to an 8½-year term of imprisonment. The court advised the defendants at the sentencing hearing that if they wished to appeal they "must within 30 days file with the Court [a] motion for reconsideration of sentence or a motion to withdraw [their] plea[s] of guilty." The court further admonished the defendants that if they did not file either a motion to reconsider or a motion to withdraw before appealing then the appellate court would probably dismiss their appeals. Both defendants stated they understood the court's admonishments.

On July 5, 1990, Giles, by his attorney, filed a motion to withdraw his guilty plea. On July 11, 1990, Daniels' attorney filed a motion to reconsider the sentence on behalf of Daniels. Giles, on July 12, 1990, mailed a signed, notarized notice of appeal to the circuit clerk of Lake County. He included a handwritten note stating that he had "motioned to appeal [his] case so enclosed is the original notice and *** a copy to the State." Giles' notice of appeal and note are dated July 11, 1990. On July 12, 1990, Daniels also mailed a signed, notarized notice of appeal to the circuit clerk of Lake County. Accompanying the notice of appeal was a handwritten note stating that "[t]his is my notice of appeal." The notice of appeal and note are dated July 11, 1990.

At a hearing on July 19, 1990, the court acknowledged that each defendant's file contained a notice of appeal. The following colloquy took place:

"MR. BOCHES: I certainly didn't file that on [Daniel's] behalf. I think I'm the only attorney of record.

THE COURT: No, [Daniels] filed it on his own behalf.

MR. BOCHES: Well, I guess that takes care of that.

THE COURT: Isn't it jurisdictional kind of?

MR. BOCHES: I suppose, if you want to. I guess who filed what first, I suppose.

THE COURT: I take it one who chose to file a notice of appeal, [Daniels] has filed a notice of appeal. I'll find that he's indigent, appoint the Appellate Defender to represent him, order the appropriate transcripts to be prepared, all as per order, see order.

MR. BOCHES: Judge, in that case—

THE COURT: Well, let's just—

THE CLERK: Daniels is up, too, judge. Daniels and Giles both filed a notice. Is it Giles, too.

THE COURT: You're just Daniels?

MR. BOCHES: Just Daniels.

THE COURT: All right.

MR. BOCHES: Joe Poell represents Mr. Giles.

THE COURT: We'll show there's also a notice of appeal for Mr. Giles. Show Ms. Grohs is present for Mr. Poell. Same order."

The minute order for July 19, 1990, states that the clerk of the court was directed to prepare and file a notice of appeal on behalf of each defendant. The record contains a notice of appeal for each defendant filed on July 19, 1990, and signed by the circuit clerk of Lake County.

Each defendant contends on appeal that his case should be remanded for the trial court to consider his post-trial motion. Each defendant argues that the trial court, pursuant to Supreme Court Rule 309 (134 Ill. 2d R. 309), should have dismissed his *pro se* notice of appeal and considered his post-trial motion. Each defendant also maintains he was denied the effective assistance of counsel because his attorney did not move to dismiss his post-trial motion pursuant to Rule 309 or at the very least request time to consult with him about the motion and the notice of appeal.

In *People v. Whigam* (1990), 202 Ill. App. 3d 252, the appellate court held that under Rule 606(b) (134 Ill. 2d R. 606(b)) a notice of

appeal filed before the disposition of a motion directed to the final judgment in a criminal case is premature. (202 Ill. App. 3d at 257.) While Rule 606(b) expressly excepts the provisions of Rule 604(d) from its time requirements for filing a notice of appeal from the entry of a final judgment, we find the reasoning of *Whigam* to be particularly applicable to this case as well. We see no reason to differentiate between a motion attacking a final judgment and a motion filed pursuant to Rule 604(d) seeking reconsideration of a sentence or asking to withdraw a guilty plea for purposes of determining the efficacy of a notice of appeal filed before the motion has been disposed of.

To hold that a notice of appeal filed after a Rule 604(d) motion has been filed but before it has been disposed of is proper and thus divests the trial court of jurisdiction to consider the motion would lead to absurd results. As happened in this case, the Rule 604(d) motion goes unconsidered and undecided, and the appellate court is forced to consider the appeal absent the trial court having had the opportunity to correct any potential errors in sentencing. Such a rule is inconsistent with our very recent interpretation that *People v. Wilk* (1988), 124 Ill. 2d 93, and *People v. Wallace* (1991), 143 Ill. 2d 59, are premised upon the theory that trial courts should have the opportunity to correct sentencing errors prior to appeal. (*People v. Soles* (1992), 226 Ill. App. 3d 944, 946.) Once a timely motion has been filed pursuant to Rule 604(d)), a notice of appeal filed thereafter but prior to disposition of the motion lacks efficacy and does not divest the trial court of the jurisdiction to dispose of the motion on its merits.

Such a holding is further bolstered by our decision in *Soles* that a trial court must consider the merits of a motion to reconsider a sentence filed pursuant to Rule 604(d). (See *Soles*, 226 Ill. App. 3d at 946.) Furthermore, a motion to withdraw a guilty plea, made in orderly fashion, should be given consideration, and the court should rule upon it. (*People v. Chestnut* (1973), 15 Ill. App. 3d 188, 190.) Because the trial court is not free to ignore a motion under Rule 604(d), whether it be one to reconsider a sentence or one to withdraw a guilty plea, and because a trial court should have the opportunity to reconsider the appropriateness of a sentence or a defendant's guilty plea prior to appeal, we believe the most logical rule should be that a notice of appeal filed after a motion filed under Rule 604(d) but before disposition of the motion is ineffective, and the trial court retains jurisdiction to dispose of the motion. Of course, once the motion is decided or withdrawn the defendant will be able to file his or her notice of appeal within the provisions of Rule 604(d).

In the present case, Daniels' attorney filed his motion to reconsider sentence on July 11, 1990. Giles' attorney filed his motion to withdraw his guilty plea on July 5, 1990. Each defendant mailed his *pro se* notice of appeal on July 12, 1990, after their respective Rule 604(d) motions were filed but before the court ruled thereon. Accordingly, the notices of appeal were ineffectual and did not divest the trial court of its jurisdiction to consider and rule on the motions. We therefore reverse the order of the trial court dismissing each defendant's motion and remand the cause for consideration and disposition of each motion on its merits.

For the foregoing reasons, we reverse the order of the circuit court of Lake County as to each defendant and remand the cause for consideration and disposition of each defendant's pending motion.

Reversed and remanded.

UNVERZAGT and McLAREN, JJ., concur.