THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT E. JENKINS, Defendant-Appellant.

Fourth District   No. 4—97—1104

Opinion filed March 11, 1999.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J.

Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Defendant Robert E. Jenkins was convicted of one count of armed robbery (720 ILCS 5/18—2(a) (West 1996)) on October 16, 1997, following a jury trial in the circuit court of Champaign County. On November 4, 1997, defendant filed a posttrial motion, which was denied by the trial court at the November 18, 1997, sentencing hearing. He was sentenced as an habitual offender to a term of natural life imprisonment. Defendant filed a motion to reconsider sentence and to declare the sentencing statute unconstitutional on December 12, 1997. No hearing was held on that motion and the record does not reveal any disposition by the trial court. The unresolved motion postdated the notice of appeal, which was filed on December 5, 1997.

He raises two issues on appeal. First, he argues that the sentence is improper because the trial court failed to make a written finding as required by the habitual offender statute (720 ILCS 5/33B—2 (West 1996)). Second, he argues that the trial court failed to comply with section 113—3.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—3.1(a) (West 1996)), in that he was not given a hearing prior to being ordered to reimburse the county $300 for the cost of his defense. We affirm in part, vacate in part, and remand with directions.

## ANALYSIS

■ The State argues that defendant has waived his first argument because he failed to raise it before the trial court, either at the sentencing hearing or in his motion to reconsider sentence. The case cited by the State, *People v. Reed*, 177 Ill. 2d 389, 393-94, 686 N.E.2d 584, 586 (1997), held that section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1996)) requires that sentencing issues be raised in the trial court for those issues to be preserved for appellate review. In addition, the State argues that this court should not review the sentencing issue under the plain error doctrine (134 Ill. 2d R. 615(a)).

■ Before we respond to the State's waiver argument, we address the threshold matter of appellate jurisdiction. "A reviewing court has a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking." *People v. Theis*, 220 Ill. App. 3d 24, 25, 580 N.E.2d 547, 548 (1991). The issue presented is the effect, if any, of the filing of a motion to reconsider sentence one week after the filing of a notice of appeal but within the 30 days allowed by statute (730 ILCS 5/5—8—1(c) (West 1996)) for the filing of such motion.

### A. Effect of Filing Posttrial Motion in Circuit Court After Notice of Appeal

The supreme court recently resolved this issue in *People v. Bounds*, 182 Ill. 2d 1, 2, 694 N.E.2d 560, 561 (1998), and we are obliged to follow that ruling. In *Bounds*, the defendant filed a notice of appeal simultaneously with his motion for reconsideration and the court addressed the jurisdictional issue *sua sponte*, as we do here. The court reached its conclusion in a single paragraph:

"This court's holding in *Daley v. Laurie*, 106 Ill. 2d 33, [476 N.E.2d 419] (1985), is dispositive of the issue. In [*Laurie*], the criminal defendant filed a motion for [a] new trial on the same day he filed a notice of appeal. The trial court granted the motion for [a] new trial, and we held that improper, stating that the jurisdiction of the appellate court attaches upon the proper filing of a notice of appeal. When the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause is beyond the jurisdiction of the trial court. [Citation.] In the case at bar[,] defendant similarly filed a motion for reconsideration simultaneously with his notice of appeal. Accordingly, the notice of appeal divested the circuit court of jurisdiction, and the jurisdiction of this court attached *instanter*." *Bounds*, 182 Ill. 2d at 3, 694 N.E.2d at 561.

*Laurie* was decided in 1985 but, since that time, it has been cited only a few times. In the meantime, a body of law has developed on this issue. This body of case law has, for the most part, reached the opposite conclusion.

This court, over Justice McCullough's dissent, reached the same conclusion as *Bounds* in *People v. Jackson*, 239 Ill. App. 3d 165, 167, 606 N.E.2d 809, 810 (1992). We did not, however, rely on *Laurie* to reach that result. Justice McCullough argued that criminal cases should be governed by the same rule as civil cases (see *Chand v. Schlimme*, 138 Ill. 2d 469, 477, 563 N.E.2d 441, 445 (1990)). Specifically, in his dissent, he said:

"In civil cases, if a post[ ]trial motion is timely filed, even if it is preceded by the filing of a notice of appeal, the filing of the post[ ]trial motion tolls the time for filing the notice of appeal and requires the withdrawal of the notice of appeal." *Jackson*, 239 Ill. App. 3d at 168-69, 606 N.E.2d at 811 (McCullough, J., dissenting).

Other Illinois appellate courts have agreed with that dissenting opinion. In *People v. Hook*, 248 Ill. App. 3d 16, 615 N.E.2d 6 (1993), the defendant filed her notice of appeal on October 22, 1991, and her motion to reduce sentence on November 20, 1991. The court held that a reviewing court in a criminal case lacks jurisdiction when the defendant has filed a timely motion to reduce sentence after filing the notice of appeal. *Hook*, 248 Ill. App. 3d at 18, 615 N.E.2d at 7-8.

In *Hook*, the second district was following its own earlier decisions in *People v. Curry*, 167 Ill. App. 3d 146, 520 N.E.2d 984 (1988), and *People v. Giles*, 230 Ill. App. 3d 730, 596 N.E.2d 53 (1992), as well as the decision of the first district in *People v. Whigam*, 202 Ill. App. 3d 252, 559 N.E.2d 896 (1990). The defendant in *Curry* filed his notice of appeal on the same day he was sentenced. He later retained private counsel, who filed an otherwise timely motion for a new trial and argued that he was entitled to withdraw his notice of appeal. *Curry*, 167 Ill. App. 3d at 147, 520 N.E.2d at 985. The reviewing court held that the trial court had jurisdiction to rule on the motion for a new trial. *Curry*, 167 Ill. App. 3d at 150, 520 N.E.2d at 987.

In *Giles*, the defendant filed a *pro se* notice of appeal after his attorney filed a motion to withdraw his guilty plea. *Giles*, 230 Ill. App. 3d at 731, 596 N.E.2d at 54. The trial court declined to rule on the motion because of the subsequent filing of a notice of appeal. The reviewing court held that the notice of appeal was "ineffectual and did not divest the trial court of its jurisdiction" to consider and rule on pending motions. *Giles*, 230 Ill. App. 3d at 734, 596 N.E.2d at 56.

The first district, in *Whigam*, discussed the rules governing appeals in civil (155 Ill. 2d R. 303(a)(2)) and criminal cases (145 Ill. 2d Rs. 604(d), 606(b)) and noted that, unlike the rule in civil cases, the rule for criminal appeals does not contain specific language that a notice of appeal has no effect if filed before the entry of the order disposing of the last pending posttrial motion. *Whigam*, 202 Ill. App. 3d at 257, 559 N.E.2d at 899. Nevertheless, the *Whigam* court read the rule as incorporating the provision that "a notice of appeal filed before the disposition of a motion directed to the final judgment in a criminal case is premature." *Whigam*, 202 Ill. App. 3d at 257, 559 N.E.2d at 899.

The second district has most recently considered this issue in *People v. Rowe*, 291 Ill. App. 3d 1018, 1020, 684 N.E.2d 1368, 1370 (1997), in which it held that the trial court had jurisdiction to consider defendant's postsentencing motion, despite his filing of a notice of appeal before making the motion:

> "Ordinarily, the filing of a notice of appeal divests the trial court of jurisdiction to enter any order involving a matter of substance and causes the jurisdiction of the appellate court to attach *instanter*. [Citation.] However, this court has held that the timely filing of the postsentencing motion (*i.e.*, within 30 days of the judgment) acts as an implicit motion to dismiss the notice of appeal and renders the notice of appeal ineffectual."

*Rowe*, in turn, noted that its resolution of that case was consistent with the decision of this court in *People v. Neal*, 286 Ill. App. 3d 353,

675 N.E.2d 130 (1996). In *Neal*, this court acknowledged the general rule that an appellate court lacks jurisdiction where a motion to reduce sentence is pending at the time the notice of appeal is filed. *Neal*, 286 Ill. App. 3d at 355, 675 N.E.2d at 131.

In summary, numerous cases have reached the opposite result of *Laurie*. None of these cases, *Hook*, *Curry*, *Giles*, *Whigam*, or *Robe*, have cited *Laurie*. Indeed, only 10 cases have cited *Laurie* since it was decided in 1985. Only two cases have applied the rule enunciated in *Laurie*. *Bounds*, 182 Ill. 2d at 3, 694 N.E.2d at 561; *People v. Larry*, 144 Ill. App. 3d 669, 681, 494 N.E.2d 1212, 1221 (1986). Three cases have held that a trial court retains jurisdiction over collateral or ministerial matters, *Laurie* notwithstanding. *People v. Shukovsky*, 128 Ill. 2d 210, 227, 538 N.E.2d 444, 451 (1988); *People v. Dace*, 184 Ill. App. 3d 1082, 1085, 540 N.E.2d 926, 928 (1989); *People v. Verdone*, 136 Ill. App. 3d 75, 76, 482 N.E.2d 1134, 1135 (1985). Five cases cited *Laurie*, but distinguished it, found it not applicable, or cited it for an unrelated proposition. *People v. Aleman*, 281 Ill. App. 3d 991, 1000, 667 N.E.2d 615, 620 (1996); *People v. Brown*, 221 Ill. App. 3d 998, 1001, 583 N.E.2d 41, 43 (1991); *Waitcus v. Village of Gilberts*, 199 Ill. App. 3d 102, 108, 556 N.E.2d 1261, 1265 (1990); *People v. Palmer*, 193 Ill. App. 3d 745, 749, 550 N.E.2d 696, 698-99 (1990); *People v. Cadwallader*, 181 Ill. App. 3d 488, 500, 536 N.E.2d 1319, 1327 (1989).

■ The rule enunciated in *Laurie* was essentially revived in *Bounds*, a decision that neither acknowledged the body of case law that conflicts with *Laurie*, nor addressed the fact that it results in different rules for criminal and civil cases.

This court has ruled that a motion to reconsider sentence that is pending at the time the notice of appeal is filed prevents jurisdiction from attaching in the reviewing court (*Neal*, 286 Ill. App. 3d at 355, 675 N.E.2d at 131, citing *People v. Jennings*, 279 Ill. App. 3d 406, 413, 664 N.E.2d 699, 705 (1996), and *Giles*, 230 Ill. App. 3d at 733, 596 N.E.2d at 55-56), but an otherwise timely motion to reconsider sentence, filed after the notice of appeal, has no such effect (*Jackson*, 239 Ill. App. 3d at 167, 606 N.E.2d at 810). These rules are consistent with *Laurie* and *Bounds*, but are not consistent with each other or with the rule in civil cases (*Chand*, 138 Ill. 2d at 477, 563 N.E.2d at 445).

If not for the precedent set in *Bounds*, which this court is obliged to follow, this court was prepared to reconsider its holding in *Jackson* and to hold that a reviewing court has no jurisdiction to hear an appeal when an otherwise timely posttrial motion is pending, even if the motion is filed after the notice of appeal. In this case, as in *Bounds*, the reviewing court has addressed the issue of jurisdiction *sua sponte*

and has not had the benefit of the parties' research, analysis, and argument. It is our hope that the supreme court will soon take the opportunity to revisit this issue.

Having concluded, under *Bounds*, that this court does have jurisdiction over this appeal, we address the State's waiver argument. Defendant has not addressed this issue.

## B. Forfeiture of Sentencing Issues by Failure To Raise Them in Trial Court

■ The State asserts that defendant has forfeited his argument that the trial court failed to make written findings on the issue of his eligibility to be sentenced as a habitual offender, because he did not raise the issue either at the hearing or in a timely motion to reconsider sentence. The State cites *People v. Reed*, 177 Ill. 2d 389, 390, 686 N.E.2d 584, 584 (1997), in which the supreme court held that section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1994)) "requires that a defendant file a written post[ ]sentencing motion in the trial court to preserve sentencing issues for appellate review." Further, the State argues, because the evidence was not closely balanced and defendant's substantive rights were not affected, this court should not review the issue under the exception for plain error (see *People v. Enoch*, 122 Ill. 2d 176, 190, 522 N.E.2d 1124, 1132 (1988)).

■ There are three exceptions to the forfeiture rule of *Reed* and *Enoch*. A reviewing court may consider (1) constitutional issues that were properly raised at trial and can be raised later in a petition for postconviction relief, (2) the sufficiency of the evidence, and (3) plain error pursuant to Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). *Enoch*, 122 Ill. 2d at 190, 522 N.E.2d at 1132. Plain error may be invoked where the evidence is closely balanced or the error was of such magnitude that the accused was deprived of a substantial right and denied a fair trial. *People v. Armstrong*, 183 Ill. 2d 130, 151, 700 N.E.2d 960, 969 (1998).

■ The alleged error in this case is the trial court's failure to strictly comply with the requirement that the trial court "shall make a written finding" (720 ILCS 5/33B—2(a) (West 1996)) on the issue of defendant's former conviction before imposing sentence under the habitual offender statute. Defendant does not assert that the State's evidence of his prior convictions for armed robbery and attempted murder was inaccurate. Thus, it cannot be said that the evidence of his eligibility for sentencing as a habitual criminal was either insufficient or closely balanced. Further, defendant was not denied a substantial right or a fair trial. At most, defendant was deprived of the procedural formality of an express written finding on an issue that is undisputed.

We, therefore, find the issue forfeited and affirm the sentence of life imprisonment imposed pursuant to the habitual offender statute.

## C. Reimbursement Order Without Section 113—3.1(a) Hearing

■ We briefly address defendant's assertion that he is entitled to a hearing into his financial circumstances before the trial court may properly order him to reimburse the county for the services of a public defender. Section 113—3.1 of the Code (725 ILCS 5/113—3.1(a) (West 1996)), as interpreted by the supreme court in *People v. Love*, 177 Ill. 2d 550, 563, 687 N.E.2d 32, 38 (1997):

> "requires that the trial court conduct a hearing into a defendant's financial circumstances and find an ability to pay before it may order the defendant to pay reimbursement for appointed counsel. *** The hearing must focus on the foreseeable ability of the defendant to pay reimbursement as well as the costs of the representation provided."

The State agrees that the required hearing was not held. We vacate the recoupment order and remand to the trial court for further proceedings pursuant to *Love*.

## CONCLUSION

For the reasons stated, we vacate the reimbursement order and remand for further proceedings and otherwise affirm the judgment of the circuit court.

Affirmed in part and vacated in part; cause remanded with directions.

KNECHT, P.J., and MYERSCOUGH, J., concur.